**David Wayne McWHERTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58769.**

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

State's Motion for Rehearing En Banc Denied Oct. 18, 1978.

John W. O'Dowd, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Robert N. Burdette, Asst. Dist. Attys., Houston, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for aggravated robbery, wherein the jury assessed the punishment at fifty (50) years' confinement in the Department of Corrections.

Initially, appellant contends the court reversibly erred in denying his request to change his plea from "guilty" to "not guilty" made before the retirement of the jury. We agree and reverse.

■ The record reflects that the appellant entered a plea of guilty before a jury on March 8, 1977.[1] After the State rested its case and prior to the time the charge was read to the jury and prior to the jury's retirement, the appellant personally and through his counsel made a motion to the court to permit him to change his plea from "guilty" to "not guilty." The court denied

the motion, thus refusing to change his plea. Subsequently, the court charged the jury to find the appellant guilty on his guilty plea.

■ A liberal practice prevails in this state concerning the withdrawal of a guilty plea. *Garcia v. State,* 91 Tex.Cr.R. 9, 237 S.W. 279 (1921); *Stanton v. State,* 159 Tex. Cr.R. 275, 262 S.W.2d 497 (1953). It is well established that where a guilty plea is before a jury the accused may at any time before the retirement of the jury withdraw his plea and thus put upon the State the burden of proving his guilt beyond a reasonable doubt. *Alexander v. State,* 69 Tex. Cr.R. 23, 152 S.W. 436 (1912); *Garcia v. State,* supra; *Stanton v. State,* supra; *Darden v. State,* 430 S.W.2d 494 (Tex.Cr.App. 1968); *Reyna v. State,* 434 S.W.2d 362 (Tex. Cr.App. 1968); *Lewis v. State,* 438 S.W.2d 816, 818 (Tex.Cr.App. 1969). See also *Ralls v. State,* 151 Tex.Cr.R. 146, 205 S.W.2d 594 (1947).[2] Thus, the accused may as a matter of right withdraw his guilty plea without assigning reason therefor at any time before the retirement of the jury, but thereafter, however, the withdrawal of the plea would be within the discretion of the court.

■ The State acknowledges the rule but urges the error in the instant case was harmless error. Reliance is placed upon *Wilson v. State,* 515 S.W.2d 274 (Tex.Cr. App. 1974). In *Wilson* this court recognized the rule here involved in a bench trial (see footnote # 1) and held the court erred in refusing to allow the defendant to withdraw his guilty plea prior to the time the court had taken the cause under advisement or pronounced judgment, but held the error harmless as the defendant thereafter took the witness stand and made a judicial confession, a written confession was also intro-

---

1. We observe that the court admonished the appellant on his guilty plea as required by Article 26.13, V.A.C.C.P., in the presence of the jury. Such practice, as well as the practice of arraigning a defendant in the presence of the jury, should not be condoned and should be avoided. *Wood v. State,* 515 S.W.2d 300 (Tex. Cr.App. 1974); *Minafee v. State,* 482 S.W.2d 273 (Tex.Cr.App. 1972), and cases there cited. Appellant here made no objection, however,

until such time as he sought to withdraw his guilty plea.

2. The rule is also applied to bench trials giving the defendant the right to withdraw his guilty plea before the trial judge takes the case under advisement or pronounces judgment. *Milligan v. State,* 168 Tex.Cr.R. 202, 324 S.W.2d 864 (Tex.Cr.App. 1959); *Ralls v. State,* supra; *Stanton v. State,* supra.

duced and evidence of guilt was overwhelming. In the instant case the State claims the evidence of guilt was overwhelming and the appellant did not put on any evidence after the withdrawal request, so the error was harmless. Quite to the contrary the appellant claims the insufficiency of the evidence could have been argued to the jury, and notes that an oral confession was admitted into evidence over his objection and without a separate hearing upon request on the voluntariness of such confession. See Article 38.22, V.A.C. C.P.; *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).[3]

Whatever the continued viability of *Wilson,* given its particular fact situation, the appellant here made a timely request to withdraw his guilty plea and the trial court reversibly erred in not allowing the trial to proceed upon a plea of not guilty before the jury.

For the reasons stated, the judgment is reversed and the cause remanded.

---

**3.** The appellant questions the admissibility of the oral confession without a separate hearing in another ground of error. We do not reach that contention in view of our disposition of the appeal. Nevertheless, it should be remembered that the entry of a guilty plea does not suspend the rules of evidence.