Jose Jesus ABREGO, Appellant,

v.

The STATE of Texas, State.

No. 2–97–481–CR.

Court of Appeals of Texas,
Fort Worth.

Sept. 17, 1998.

J.R. Molina, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, David M. Curl, Susan Hargis, Christy Jack, Asst. Crim. Dist. Attys., Fort Worth, for appellee.

Before LIVINGSTON, RICHARDS and BRIGHAM, JJ.

## OPINION

LIVINGSTON, Justice.

### INTRODUCTION

Appellant pled guilty to aggravated sexual assault of a child. The jury assessed punishment at confinement for life and a $10,000 fine. In three points, appellant complains of the trial court's refusal to grant him a new trial and to allow him to withdraw his guilty plea. We affirm.

### MOTION FOR NEW TRIAL

Appellant sought a new trial for two reasons: specific performance of an alleged plea bargain agreement and disparate treatment of appellant and the prosecutor during closing arguments.

Appellant's first point claims that the trial court should have granted a new trial because the State violated an alleged agreement to present the victim as a witness in exchange for appellant's guilty plea. The State contends no plea agreement existed.

Appellant pled guilty twice, once outside the presence of the jury and again before the jury. Both times he received the required admonishments and both times he stated that the only reason he was entering a guilty plea was because he was guilty. Both times he denied that he had been promised anything in exchange for his plea.

During its opening statement, the State explained that the victim would not testify.[1] Three witnesses testified that day after the opening statements. The next morning, appellant asked to withdraw his guilty plea. Appellant claimed he entered the guilty plea because he thought the victim would testify. After learning that she would not, he wanted

to change his plea. The trial court denied his request.

■ At the motion for new trial hearing, appellant's trial counsel admitted that the State did not promise the victim would testify. Instead, the prosecutor informed appellant's counsel the Friday before trial that the victim had been located and would be available to testify. According to appellant's counsel, the main reason for the guilty plea was the belief the victim would testify. The prosecutor stated that her only discussions with appellant's counsel concerning the victim were about finding the victim. According to the prosecutor, appellant's counsel asked her only if the State had located the victim, not whether the victim would testify. The prosecutor responded, "that we had her—that we had found her."

■ Plea bargaining involves a preconviction bargain between the prosecutor and the defendant where the prosecutor makes a concession in exchange for the defendant's promise to plead guilty or nolo contendere. *See Perkins v. Third Court of Appeals,* 738 S.W.2d 276, 282 (Tex.Crim.App.1987). It requires an offer by an authorized agent of the State to recommend a sentence or to make some other concession, such as a reduced charge in exchange for a specified plea by the defendant. *See Wayne v. State,* 756 S.W.2d 724, 728 (Tex.Crim.App.1988).

In this case, the appellant's attorney admitted that the prosecutor made no promises. Thus, we find that the trial court did not err in concluding there was no plea agreement and in denying the motion for new trial. We overrule point one.

Appellant's second point asserts that he should have been granted a new trial because the trial court did not allow him to cry during his counsel's closing argument, but allowed the prosecutor to cry during her closing argument.

During closing argument, the trial court admonished appellant outside the presence of the jury:

---

1. After the State concluded its portion of voir dire, the prosecutor learned that the victim, who was an adult by the time of trial, had fled the

night before and could not be located by the district attorney's investigators.

"I want you to hush. Everybody is scared and everybody is upset, but you can be quieter than that, or I will let you hear the rest of the trial in that cell. I will assume your emotion is realistic because you are certainly not in a good position, but you can be quieter than that."

Neither party objected to the other's crying. During the hearing on appellant's motion for new trial, undisputed evidence established that during her closing argument, the prosecutor's eyes welled up with tears. In contrast, the appellant's behavior was described as very loud moaning that made it difficult to hear or understand his attorney. The trial court differentiated between what it described as "tear trickling and loud sobbing noises, somewhat like that of a mule."

 Appellant raises multifarious arguments as to why this alleged disparate treatment justified a new trial. However, we find that appellant waived these complaints because he did not object to the prosecutor's crying nor did he object to the judge's statements regarding his crying. *See* TEX.R.APP. P. 33.1; *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App.1996), *cert. denied*, — U.S. ——, 117 S.Ct. 1442, 137 L.Ed.2d 548 (1997). Furthermore, the trial court was within its discretion to order appellant not to disrupt the proceedings. *See* TEX. GOV'T.CODE ANN. § 21.001 (Vernon 1988). We overrule point two.

## WITHDRAWAL OF GUILTY PLEA

In his third point, appellant claims the trial court should have allowed him to withdraw his guilty plea. Appellant pled guilty—without a plea bargain—in the jury's presence. The trial court "received" the plea, then proceeded with the trial on punishment. Appellant asked to withdraw his guilty plea at the beginning of the second day of trial. Appellant's attorney explained that appellant's plea was based on an expectation that the complainant would testify. Since she would not, appellant asserted that his plea was, in essence, involuntary. At the time of the oral motion to withdraw the plea, the State was

still presenting its case on punishment and the jury had not retired. The trial court denied the request:

Well, the Court has heard sufficient evidence to find that either a jury or a court certainly might have enough evidence in the record at this point to find him guilty of the offense charged. He was fully warned twice of all the ramifications of his plea. No. Denied.

The trial on punishment continued, and at its conclusion, the trial court directed the jury to find appellant guilty.

 A liberal practice prevails in Texas concerning the withdrawal of a guilty plea. *See McWherter v. State*, 571 S.W.2d 312, 313 (Tex.Crim.App.1978). It is well established that where a guilty plea is before a jury, the accused may, as a matter of right, withdraw his plea, without giving a reason, at any time before the jury retires.[2] *See id.* Thereafter, the withdrawal of the plea is within the trial court's discretion. *See id.* This right to withdraw a guilty plea before the jury retires has been described as an unqualified one, derived directly from the "inviolate" right to trial by jury. *See Fairfield v. State*, 610 S.W.2d 771, 776 (Tex.Crim.App.1981); U.S. CONST. amend. VI; TEX. CONST. art. I, § 15.

The State acknowledges this well-settled rule, but claims that it no longer applies. The State's first argument is that a defendant who pleads guilty waives the right to later plead not guilty. In its second argument, the State asserts "it should be within the trial court's discretion to refuse to allow [a defendant] to withdraw his plea" because once a guilty plea has been entered, guilt is established and is no longer an issue.

The State begins by asserting that all rights are subject to waiver, citing TEX.CODE CRIM. PROC. ANN. art. 1.14(a) (Vernon Supp. 1998), and relying on *Marquez v. State*, 921 S.W.2d 217, 221–22 (Tex.Crim.App.1996) for support. In that case of first impression in Texas, the court of criminal appeals held that the trial court has discretion to deny a defendant's request to withdraw his jury trial

2. We note that this rule also applies to bench trials where the defendant may withdraw his guilty plea before the trial judge takes the case under advisement or pronounces judgment. *See id.* at 313 n. 2; *Fairfield v. State*, 610 S.W.2d 771, 778 n. 11 (Tex.Crim.App.1981).

waiver. In *Marquez*, the defendant waived his right to a jury trial; however, he sought to withdraw his jury waiver moments before his bench trial was to begin. While recognizing the fundamental and inviolate right of trial by jury, the court of criminal appeals held that the defendant, as the party seeking to change the status quo, should be permitted to withdraw his previously executed jury waiver if he establishes on the record that his request to do so is made sufficiently in advance of trial such that granting his request will not: (1) interfere with the orderly administration of the business of the court, (2) result in unnecessary delay or inconvenience to witnesses, or (3) prejudice the State. *See id.* at 223.

The State argues that withdrawal of the right to trial by jury and withdrawal of a guilty plea are so analogous that the reasoning of *Marquez* should be applied in this case. We disagree. When a defendant withdraws his guilty plea, his trial on guilt or innocence proceeds before the same jury. *See Wilson v. State*, 698 S.W.2d 145, 147 (Tex.Crim.App.1985). Thus, even though the type of evidence admitted will invariably change after the plea is withdrawn, the process is not as inherently problematic as when a defendant withdraws his jury trial waiver.

■ Unlike the issue raised in *Marquez*, the issue of whether a defendant can withdraw his guilty plea has been addressed many times in this state. As early as 1912, the high court of this state explained:

> We want to say, and emphasize the fact that at any time before the retirement of the jury a person on trial would have the right to withdraw a plea of guilty, and put upon the State the burden of proving his guilt beyond a reasonable doubt.

*Alexander v. State*, 69 Tex.Cr.R. 23, 152 S.W. 436, 437 (1912); *see also, Fairfield*, 610 S.W.2d at 776 (quoting *Alexander*). The court of criminal appeals later elaborated on the rule:

> Thus, the vehicle for reimposing the State's burden of proof on the issue of guilt

was established: Since the plea of guilty withdraws "guilt" as a fact question from the case, a defendant need only remove that impediment in order to place his guilt or innocence in issue for jury resolution, by withdrawing it and entering a plea of not guilty. And "the right" of a defendant to do so before the cause is submitted for deliberation, is an unqualified one, derived directly from the "inviolate" right to trial by jury.

*Fairfield*, 610 S.W.2d at 776. Even the *Marquez* court recognized that "there are clearly some rights that may be reinvoked after waiver" such as the defendant's right to silence in the face of custodial interrogation and the right to counsel at trial. *Marquez*, 921 S.W.2d at 222 n. 4. Because of long-standing precedent, we hold that the right to withdraw a guilty plea during a jury trial before the jury retires is also one of those rights that may be invoked after waiver. Thus, we decline to adopt the State's "once waived, always waived" theory as applied to a timely request to withdraw a guilty plea.

Relying on this court's recent decision in *Carroll v. State*, 946 S.W.2d 879 (Tex.App.— Fort Worth 1997, pet. granted), the State also asserts that the trial court has discretion to refuse a defendant's request to withdraw his guilty plea during the trial on punishment. In *Carroll*, we held that punishment hearings consist of a guilty plea phase and a sentencing phase when determining whether a privilege may be claimed.[3] *See id.* at 883. Building on this holding, the State asserts that once the defendant enters the plea and guilt has been established, the trial court has discretion to refuse to grant a subsequent request to withdraw the guilty plea. *See Ex parte Martin*, 747 S.W.2d 789, 792 (Tex. Crim.App.1988) We reject the State's argument because it would render the defendant's right to withdraw his plea meaningless.

■ Because it is undisputed that appellant's request to withdraw his guilty plea was timely, the trial court had no discretion but to grant it. *See Fairfield*, 610 S.W.2d at 779;

---

**3.** In *Carroll*, the issue was whether a defendant who had entered a nonnegotiated guilty plea and, as part of that plea, waived her right against self-incrimination in the guilt-innocence phase of

trial could assert the right against self-incrimination at the subsequent sentencing phase. We held that she could. *See Carroll*, 946 S.W.2d at 884.

*McWherter,* 571 S.W.2d at 313. Accordingly, we hold that the trial court erred in denying appellant's request to withdraw his guilty plea.

Our inquiry does not stop there, however. Appellate review of error in criminal cases usually involves a two-step process. *See Rose v. State,* 752 S.W.2d 529, 553 (Tex.Crim. App.1988) (op. on reh'g). In the first step, we have determined that error occurred in the trial. In the second step, we must determine whether the error calls for reversal of the conviction:

> (a) *Constitutional error.* If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.
>
> (b) *Other errors.* Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

TEX. R. APP. P. 44.2(a)-(b).[4]

The court of criminal appeals has described the right to withdraw a guilty plea as "unqualified, derived directly from the 'inviolate' right to trial by jury." *See Fairfield,* 610 S.W.2d at 776, citing both TEX. CONST. art. I, § 15 and TEX.CODE CRIM. PROC. ANN. art. 1.12; *see also* U.S. CONST. amend. VI. *But see Garcia v. State,* 237 S.W. 279, 280 (Tex.Crim.App.1921) (describing the right to withdraw a guilty plea as being required by statute).

Because the court of criminal appeals has held that the right is derived from the constitutional right of trial by jury, we conclude that the trial court's error in this case was constitutional in nature. If an error is constitutional in nature, "the court of appeals must reverse a judgment of conviction or punishment unless the court determines be-

yond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX.R.APP. P. 44.2(a).

■ The court of criminal appeals also holds that the failure of a judge to allow a defendant to timely withdraw a guilty plea is harmless only when there is no evidence suggesting that the defendant is not guilty or is guilty only of a lesser included offense. *See Payne v. State,* 790 S.W.2d 649, 651 (Tex.Crim.App.1990); *see also Gottson v. State,* 940 S.W.2d 181, 187 (Tex.App.—San Antonio 1996, review refused) (Harmless error standard of review applies to a trial court's ruling on a timely request to withdraw a guilty plea.). In this case, we find beyond a reasonable doubt that the error did not contribute to the conviction or punishment because there was no factual dispute about appellant's actual guilt and the evidence of appellant's guilt was overwhelming. *See Payne,* 790 S.W.2d at 651–52; *McWherter,* 571 S.W.2d at 313–14; *Wilson v. State,* 515 S.W.2d 274, 274 (Tex.Crim.App.1974).

Appellant repeatedly sexually assaulted his eleven-year-old sister-in-law who, along with her mother, had come to live with appellant and his wife after her father died. The child victim was sexually assaulted both vaginally and anally over a period of several months.

The victim was pregnant when she told a school counselor about the sexual assaults. She was also in a state of "shock" and "terror." In addition to the sexual assaults, appellant had threatened the child victim with a knife and told her he would kill her mother if she reported his crime. Medical examinations revealed significant damage to the child's genitals.

While out on bond and awaiting trial that was set for July of 1988, appellant admitted his guilt to a counselor and to his pastor. He offered the victim's mother money to drop the charges against him. Further, before trial, appellant fled to Mexico. He was ar-

---

4. We apply Texas Rule of Appellate Procedure 44.2(a)-(b) as opposed to former rule 81(b)(2) because the court of criminal appeals has directed us to apply the new rules to cases pending on the effective date of the new rules, September 1, 1997, unless doing so would work an injustice.

*See* Court of Criminal Appeals Final Approval of Revisions to the Texas Rules of Appellate Procedure, no. 2 (Tex.Crim.App. Sept. 1, 1997). Because we determine that it would not, we apply rule 44.2(a)-(b).

rested when he returned to the United States in 1996.

There was irrefutable evidence that the child had been sexually assaulted: she was eleven years old, pregnant, and had a baby. There was no evidence suggesting that anyone other than appellant could have committed these crimes. The appellant confessed to his crime twice, tried to bribe the victim's mother into dropping charges, and fled the country to escape prosecution. There is no evidence in this record suggesting that appellant was not guilty. To the contrary, the evidence of appellant's guilt was overwhelming. We find that the trial court's error did not contribute to appellant's conviction and punishment and overrule appellant's third point.

The trial court's judgment is affirmed.