NOS. 12-04-00074-CR
 12-04-00075-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
JESSE ALEXANDER, JR.,                                §                APPEAL FROM THE 8TH
APPELLANT
 
V.                                                                         §                JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                         §                HOPKINS COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant Jessie Alexander, Jr. pleaded guilty to two charges of possession of a controlled
substance. In two issues, Appellant asserts that the trial court failed to properly admonish him on
punishment and that the trial court abused its discretion when it denied his request for a hearing prior
to jury selection. We affirm.
 
Background
            On February 18, 2002, Appellant was stopped by a Texas Department of Public Safety (DPS)
officer on Interstate 30 in Hopkins County for a minor traffic violation. Noting Appellant’s
suspicious behavior and seeing a marijuana “bud” and numerous air fresheners in the car, the officer
asked to search the car. Appellant gave his consent, and the officer discovered 23.4 pounds of
marijuana and two kilos of cocaine in the trunk. Appellant told the officer the drugs were not his and
that he was doing a favor for his neighbor, Derrick “Tick” McBride, by driving McBride’s car to
Texarkana, Arkansas. After arresting Appellant and placing him in the police car, the officer radioed
a description of another vehicle he believed was escorting the car Appellant was driving. Appellant
corrected the officer as to the make and model of the escorting vehicle, informing him that the vehicle
he sought was a black Cadillac Escalade. Appellant also warned him that McBride and the five other
men riding with McBride were armed with guns. The black Cadillac Escalade was not found.  
            The State ultimately released Appellant on a personal recognizance bond because Appellant
agreed to help make cases against other drug dealers. Over several months, Appellant provided
information to the DPS narcotics division, but this information never led to any arrests. Appellant
then moved from his apartment without notifying DPS of his new address and stopped all
communications with the division. Two years later, when Appellant attempted to renew his driver’s
license, he was arrested on an outstanding warrant from Hopkins County, which was issued after
Appellant broke off communications with DPS in violation of his bond conditions. 
            On January 29, 2004, before Appellant pleaded guilty to the offenses charged, the trial court
asked if Appellant had reviewed the rights outlined in the plea documents, understood those rights,
and wanted to enter a plea of guilty. To each question, Appellant answered, “Yes, sir.” The court
further asked Appellant’s counsel if he had explained Appellant’s rights to him, if Appellant
understood the consequences of a guilty plea, if Appellant understood that he had the right to have
a trial by jury, and if Appellant wanted to waive that right. Counsel responded affirmatively. 
            Appellant pleaded guilty before the trial court to both charges – third degree felony possession
of marijuana and first degree felony possession of cocaine. After the court accepted Appellant’s
signed confessions, it admonished Appellant that the “jury’s punishment range is five to ninety-nine
or life on the [cocaine charge] and two years up to ten years on the [marijuana charge]. They can give
a punishment anywhere up in that range. Do you understand that?” Appellant responded, “Yes, sir.” 
The prosecutor stated, “There is no agreement between your defense attorney and myself as far as the
punishment. . . . They can give a fine up to ten thousand dollars in each case. Do you understand
that?” Appellant said, “Yes, sir. I don’t have a problem with the fine. I do work.” The court then
accepted Appellant’s plea of guilty. The court verified with Appellant that the signatures on the two
different confessions were his signatures. When the court asked Appellant if he was pleading guilty
because he was guilty and for no other reason and if he was pleading guilty freely and voluntarily,
Appellant answered, “Yes, sir.” The trial court stated that it found him guilty, and Appellant elected
to have a jury assess punishment. 
            On February 3, during opening statements before the jury, Appellant’s counsel made the
following comments:
 
                        The marijuana charge, the maximum punishment for that is ten years. Really that’s
kind of immaterial because the minimum punishment for the cocaine is ten years. 
So Mr. Alexander knows that he is going to go to prison. He is not eligible – and
he will testify or there will be some evidence to show that he is not eligible for
probation under Texas law, so he knows as he sits here that he is going to go to
prison for ten years.


Further, Appellant testified on his own behalf and admitted that he was the same person that “stood
before this Court and pled guilty to both cases.” When questioned on direct examination whether he
understood that the minimum range of punishment for the cocaine case was ten years, Appellant
responded, “Yes, sir.” On cross examination, the prosecutor said, “Now, the punishment range on
the cocaine is a minimum of ten and a maximum of life. Life is the maximum, not ninety-nine years. 
Life is the max. You understand that, right?” Again, Appellant responded that he understood. 
            On cross examination, Appellant admitted that he knew there were drugs in the trunk of the
car. He also stated that he was transporting the drugs to pay off a $5,000 debt he owed to McBride
for drugs McBride had given him on credit. 
            After both sides closed, the court read the charge to the jury. The charge authorized the jury
to assess imprisonment of ten years to ninety-nine or life and a fine in any amount not to exceed
$100,000. No objections were lodged to the charge. After deliberating, the jury assessed the
maximum sentence for the marijuana charge – ten years of imprisonment and $10,000 fine – and
sixty years of imprisonment and a $100,000 fine for the cocaine charge. After the jury returned its
verdict, the court asked if there was any reason in law why he should not sentence the defendant as
the jury had found. Both Appellant and his counsel responded in the negative, offering no objections. 
This appeal followed.
 
Court’s Admonishment
            In his first issue, Appellant argues that the trial court committed reversible error when it
admonished Appellant as to the range of punishment for the cocaine conviction. The written plea
admonishment, filed on January 30, 2004, correctly stated that Appellant was charged with
possession of a controlled substance, cocaine, 400 grams or more. However, the range of punishment
was stated as life or any term of not more than ninety-nine years or less than five years and a fine of
not more than $10,000. Appellant contends he was not admonished in writing because the signature
page of the written plea admonishment is missing from the record.
            Included in the clerk’s record is Appellant’s written guilty plea admonition that Appellant,
his attorney, and the trial court judge signed on February 2, the day before he pleaded guilty before
the jury. The admonition gave the range of possible imprisonment as ten years to life or no more than
ninety-nine years and a fine up to $10,000. Appellant contends that both the court’s written and oral
admonishments were deficient in that they did not correctly apprise Appellant of the proper range of
punishment.
Applicable Law
            Article 26.13 of the Code of Criminal Procedure provides that the court shall admonish the
defendant of the range of the punishment attached to the offense prior to accepting a plea of guilty. 
See Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon 1989). A guilty plea entered by a defendant
must be made freely and voluntarily. See Ex parte Evans, 690 S.W.2d 274, 276 (Tex. Crim. App.
1985). The purpose of plea admonishments is to determine whether a defendant’s guilty plea is given
freely and voluntarily. Carranza v. State, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998). 
            Admonishments can be given either orally or in writing. See Tex. Code Crim. Proc. Ann.
art. 26.13(d) (Vernon 1989). If in writing, the admonishments must be signed by the defendant and
his attorney. Id. Whether a guilty plea was freely and voluntarily given is determined by examining
the record as a whole. Williams v. State, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975). 
            Generally, the range of punishment for a first degree felony is five years to ninety-nine years
or life and a fine up to $10,000. However, when a defendant is found guilty of possession of 400
grams or more of cocaine, as in this case, the range of punishment is imprisonment for ten to ninety-nine years or life and a fine not to exceed $100,000. Tex. Health & Safety Code Ann. § 481.115
(Vernon 2003).



 
Preservation of Error
            Our rules of appellate procedure require that, as a prerequisite to presenting a complaint for
appellate review, the record must show that the complaint was made to the trial court by a timely
request, objection, or motion that stated the grounds for the ruling and that the trial court ruled on the
request. See Tex. R. App. P. 33.1. Appellant concedes that he failed to object at trial concerning the
trial court’s failure to properly admonish him in compliance with article 26.13. However, Appellant
contends that failure to properly admonish is fundamental error and, therefore, may be raised for the
first time on appeal. In essence, Appellant asserts that the failure to properly admonish cannot be
waived by failing to object.
            Except for complaints involving systemic (or absolute) requirements, or rights that are
waivable only, all other complaints, whether constitutional, statutory, or otherwise, are waived by
failure to comply with Rule 33.1(a). See Mendez v. State, 138 S.W.3d 334, 342 (Tex. Crim. App.
2004). The Supreme Court has defined such requirements, in part, as those which, when denied,
“defy analysis by ‘harmless error’ standards.” Jimenez v. State, 32 S.W.3d 233, 237 (Tex. Crim.
App. 2000) (citing Arizona v. Fulminante, 499 U.S. 279, 309, 111 S. Ct. 1246, 1264, 113 L. Ed. 2d
302 (1991)); Aguirre-Mata, 992 S.W.2d 495, 498 (Tex. Crim. App. 1999).
            A trial court’s failure to comply with the article 26.13 requirement to admonish a defendant
regarding the proper range of punishment is subject to a harm analysis. This is true whether a trial
court delivers an incorrect admonishment that substantially complies with article 26.13 or wholly
fails to admonish on the range of punishment. See Martinez v. State, 981 S.W.2d 195, 197 (Tex.
Crim. App. 1998); High v. State, 964 S.W.2d 637, 638 (Tex. Crim. App. 1998). An appellant who
complains about the trial court’s admonishment on the range of punishment must have complied with
Rule 33.1. See Mendez, 138 S.W.3d at 342. Appellant did not object to the trial court’s
admonishment and thus, did not preserve error, if any. See id. Accordingly, we overrule Appellant’s
first issue. 
 
Request to Withdraw Guilty Plea
            In his second issue, Appellant challenges the trial court’s denial of his request to hold a
hearing to consider the voluntariness of his guilty plea based on Appellant’s claim that his counsel
failed to properly advise him of the law prior to his plea. We construe this issue as a challenge to the
trial court’s denial of his request to withdraw his guilty plea.
Applicable Law and Standard of Review
            A liberal practice prevails concerning the withdrawal of a guilty plea. McWherter v. State,
571 S.W.2d 312, 313 (Tex. Crim. App. 1978). A defendant has a right to withdraw a guilty plea in
a jury-waived proceeding “without assigning reason until [the] judgment has been pronounced or the
case has been taken under advisement.” Jackson v. State, 590 S.W.2d 514, 515 (Tex. Crim. App.
1979). When a trial court accepts a plea of guilty and recesses the proceedings for a presentence
investigation and report, the case has been taken under advisement when recessed. Jackson, 590
S.W.2d at 515. An attempt by the defendant to withdraw his plea when the court reconvenes for
sentencing comes too late and is left to the discretion of the trial court. Id. Where a guilty plea is
before a jury, a defendant may withdraw his plea at any time before the retirement of the jury. 
McWherter, 571 S.W.2d at 313.
            The trial court is given wide discretion in deciding whether to permit plea withdrawal at
sentencing. Davis v. State, 861 S.W.2d 25, 27 (Tex. App.–Houston [14th Dist.] 1993, pet. ref’d). 
We review a trial court’s denial of a request to withdraw a guilty plea under an abuse of discretion,
McWherter, 571 S.W.2d at 313, which is shown only when the trial court’s ruling lies outside the
“zone of reasonable disagreement.” Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1990) (op. on reh’g). A trial judge has no discretion to deny a timely request to withdraw a guilty
plea. McWherter, 571 S.W.2d at 313. The denial of a timely request to withdraw a guilty plea is
constitutional error. Abrego v. State, 977 S.W.2d 835, 839 (Tex. App.–Fort Worth 1998, pet. ref’d). 
If an error is constitutional in nature, “the court of appeals must reverse a judgment of conviction or
punishment unless the court determines beyond a reasonable doubt that the error did not contribute
to the conviction or punishment.” Tex. R. App. P. 44.2(a). The failure of a judge to allow a defendant
to timely withdraw a guilty plea is harmless only when there is no evidence suggesting that the
defendant is not guilty or is guilty only of a lesser offense. Payne v. State, 790 S.W.2d 649, 651
(Tex. Crim. App. 1990).
Discussion
            On January 29, 2004, after the trial court accepted Appellant’s guilty plea and found him
guilty, Appellant elected to have a jury assess punishment. On February 2, before voir dire
commenced, Appellant, through his counsel, attempted to withdraw his guilty plea. He then requested
a hearing to establish whether his trial counsel had misinformed him about the law pertaining to the
charges against him. Specifically, Appellant’s counsel said, Appellant believed that since the drugs
were found in the vehicle he was driving, he was automatically guilty of possession, regardless of
whether he knew the drugs were there. This misunderstanding, counsel stated, was the reason for
Appellant’s plea of guilty. The prosecutor objected to Appellant’s request for a hearing. In an
exchange encompassing nearly fifteen pages of the reporter’s record, Appellant’s counsel and the
prosecutor discussed Appellant’s contention, advancing arguments supporting their respective
positions. The court then denied Appellant’s request, stating that Appellant’s concerns were on the
record, and proceeded to a jury trial on punishment. 
            In reviewing the record, we note that Appellant testified on his own behalf. During cross
examination, Appellant admitted that he knew there were drugs in the trunk of the vehicle he was
driving. Appellant also conceded that he was transporting the drugs in order to pay a $5,000 debt to
McBride for drugs he (Appellant) had personally used. Therefore, assuming arguendo that the trial
court erred in denying Appellant’s request to withdraw his guilty plea, we conclude beyond a
reasonable doubt that the error did not contribute to the conviction or punishment because there was
no factual dispute about Appellant’s actual guilt. See id. at 651-52. Accordingly, we overrule
Appellant’s second issue.
 
Disposition
            Having overruled both of Appellant’s issues, we affirm the judgments of the trial court.
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
Opinion delivered August 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
(DO NOT PUBLISH)