PD-1631-14 & PD-1632-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/4/2015 2:55:50 PM
Accepted 3/6/2015 2:16:17 PM
ABEL ACOSTA
CLERK

**Nos. PD-1631-14 & PD-1632-14**

IN THE

## Court of Criminal Appeals
## At Austin

_____

# JIMMIE JOHNSON,
*Appellant*

*v.*

# THE STATE OF TEXAS
*Appellee*

_____

Cause numbers 1346765 & 1366083
In the 338th Judicial District Court
Of Harris County, Texas

Cause numbers 01-13-01056-CR & 01-13-01057-CR
In the Court of Appeals for the First Judicial District

_____

# *Appellant's Petition for Discretionary Review*
_____

RECEIVED IN
COURT OF CRIMINAL APPEALS

March 6, 2015

ABEL ACOSTA, CLERK

KELLY ANN SMITH
Texas Bar No. 00797867
Kelly.A.Smith.06@gmail.com
P.O. Box 10751
Houston, TX 77206
281-734-0668

*Counsel for Appellant*

# Ground For Review

**The Court of Appeals erred by holding the trial court did not abuse its discretion by failing to allow the appellant to withdraw his guilty plea because the Appellant's guilty plea was not a knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences.**

# Statement Regarding Oral Argument

Because this case involves important issues regarding this state's jurisprudence, the appellant submits that oral argument would benefit this Court and pursuant to TEX. R. APP. P. 68.4 (c), requests the opportunity to present oral argument.

IN THE

## Court of Criminal Appeals
## At Austin

_____

# JIMMIE JOHNSON,

*Appellant*

*v.*

# THE STATE OF TEXAS

*Appellee*

_____

Cause numbers 1346765 & 1366083
In the 338th Judicial District Court
Of Harris County, Texas

Cause numbers 01-13-01056-CR & 01-13-01057-CR
In the Court of Appeals for the First Judicial District

_____

# *Appellant's Petition for Discretionary Review*

**TO THE COURT OF CRIMINAL APPEALS OF TEXAS:**

The appellant, by and through undersigned counsel, files this Petition for Discretionary Review and urges this Court to grant discretionary review in this case and in support demonstrates the following.

# IDENTITY OF PARTIES AND COUNSEL

The Appellant has provided a complete list of all interested parties' names below, under TEX. R. APP. P. 68.4.

The appellant or convicted person:

**Jimmie Johnson**— Appellant
TDCJ #01898717
Connally Unit
899 FM 632,
Kenedy, TX 78119

Counsel for the appellant:

**Kelly Ann Smith**— Counsel on appeal
PO Box 10751
Houston, Texas 77206
Phone: (281) 734-0668

**Jerome Godinich, Jr.** — Counsel at trial
929 Preston St., Ste. 200
Houston, TX. 77002
Phone: (713) 237-8388

Counsel for the State:

**Devon Anderson**— District Attorney of Harris County
Harris County Criminal Justice Center

**David Overhul** — Assistant District Attorney in the convicting court
**John Jordan** Harris County Criminal Justice Center
1201 Franklin, Suite 600
Houston, Texas 77002
Telephone: 713•755•5800

Trial Judge:

**Hon. Brock Thomas**— Presiding Judge of the 338th District Court

iii

# Table of Contents

Page

GROUND FOR REVIEW.................................................................................. I

STATEMENT REGARDING ORAL ARGUMENT ............................................. I

IDENTITY OF PARTIES AND COUNSEL ....................................................... III

INDEX OF AUTHORITIES............................................................................. V

STATEMENT OF THE CASE ..........................................................................2

STATEMENT OF THE PROCEDURAL HISTORY ............................................2

GROUND FOR REVIEW ................................................................................3

REASONS FOR REVIEW ...............................................................................3

PRAYER ......................................................................................................6

CERTIFICATE OF COMPLIANCE & SERVICE .................................................7

# INDEX OF AUTHORITIES

**Cases**

*Brady v. United States*, 397 U.S. 742 (1970) ...................................................................5

*DeVary v. State*,
  615 S.W.2d 739 (Tex. Crim. App. 1981) .......................................................................4

*DuBose v. State*,
  915 S.W.2d 493 (Tex. Crim. App. 1996) .......................................................................4

*Fairfield v. State*,
  610 S.W.2d 771 (Tex. Crim. App. 1981) .......................................................................4

*Jackson v. State*,
  590 S.W.2d 514 (Tex. Crim. App. 1979) .......................................................................4

*McWherter v. State*,
  571 S.W.2d 312  (Tex. Crim. App. 1978) .......................................................................4

*Montgomery v. State*,
  810 S.W.2d 372 (Tex. Crim. App. 1990)
  (op. on reh'g) .................................................................................................................4

*See Turner v. State*,
  No. AP-76580, — S.W.3d —, 2013 WL
  5808250, at *11 (Tex. Crim. App. Oct. 30, 2013) ........................................................5

*Solis v. State*,
  945 S.W.2d 300 (Tex. App.—Houston
  [1st  Dist.] 1997, pet. ref'd)...........................................................................................5

**Statutes**

TEX. CODE CRIM. PROC. art. 26.13 ................................................................................5

**Rules**

TEX. R. APP. P. 68.4......................................................................................................i

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

The State accused the appellant of aggravated robbery in cause number 1366083 and burglary of a habitation in cause number 1346765. (CR$_{1366083}$ 10; CR$_{1346765}$ 11). The appellant pled guilty to the indictments' allegations, waived his right to a jury trial, and the case on punishment was tried before the Honorable Brock Thomas, presiding judge of the 338th District Court in Harris County, Texas (CR$_{1366083}$ 114, 124-29; CR$_{1346765}$ 11, 88, 98-103; RR Vol. III at 12-20). The judge found the appellant guilty: of aggravated robbery then assessed his punishment at forty-five years in cause number 1366083; and of burglary of a habitation then assessed his punishment at twenty years in prison in cause number 1346765 (CR$_{1366083}$ 133-4; RR Vol. III at 56). The appellant filed a notice of appeal, and the trial court certified the appellant's right to appeal (CR$_{1366083}$ 130, 136).

## STATEMENT OF THE PROCEDURAL HISTORY

The First Court of Appeals affirmed the appellant's conviction in *Jimmie Johnson v. The State of Texas,* Nos. 01-13-01056-CR & 01-13-01057-CR, (Tex. App.—Houston [1st Dist.] October 30, 2014). Neither party filed a motion for rehearing.

## GROUND FOR REVIEW

**The Court of Appeals erred by holding the trial court did not abuse its discretion by failing to allow the appellant to withdraw his guilty plea because the Appellant's guilty plea was not a knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences.**

## REASONS FOR REVIEW

The Appellant waived his right to a jury trial and pled guilty to aggravated robbery and burglary of a habitation (CR$_{1366083}$ 114, 124-29; CR$_{1346765}$ 11, 88, 98-103; RR Vol. III at 12-20). The trial court heard evidence from the State and the Appellant (RR Vol. III at 24-51). Lashad Jackson testified that the Appellant robbed him at gunpoint (RR Vol. III at 24-30). James Bevan testified that the Appellant stole a bicycle from his attached garage (RR Vol. III at 38-42). The Appellant testified that he did not intentionally fire a gun while robbing Jackson (RR Vol. III at 44, 47-8). The trial court then heard argument from both sides and assessed the Appellant's punishment at forty-five years in prison for the Aggravated robbery and twenty years for the burglary (RR Vol. III at 55-6).

A few days after the trial court sentenced him, the appellant requested permission to withdraw his guilty plea (CR$_{1346765}$ 113-14; CR$_{1366083}$ 139-40). The Appellant requested to withdraw his guilty plea because he did not voluntarily plead

3

guilty; he was not mentally competent; and he had developed a conflict of interest with his attorney.

Before judgment has been pronounced or the case has been taken under advisement, a defendant may withdraw his guilty plea as a matter of right without assigning reason. *Fairfield v. State*, 610 S.W.2d 771, 778 n. 11 (Tex. Crim. App. 1981); *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); *McWherter v. State*, 571 S.W.2d 312, 313 n.2 (Tex. Crim. App. 1978). But after the case has been taken under advisement or judgment has been pronounced, the trial court has discretion whether or not to allow the defendant to withdraw his plea. *DeVary v. State*, 615 S.W.2d 739, 740 (Tex. Crim. App. 1981). The trial court abuses its discretion when the trial court's ruling lies outside the "zone of reasonable disagreement." *DuBose v. State*, 915 S.W.2d 493, 496-97 (Tex. Crim. App. 1996); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

In this case, the Appellant entered a plea of guilty, following the required admonishments by the trial court, and the trial court accepted the appellant's plea. The appellant inexplicably decided to plead guilty during testimony from the state's first witness (RR Vol. III at 11). The trial court accepted the Appellant's plea and assessed his punishment.

Thereafter, the Appellant asked to withdraw his guilty plea, in part because he was incompetent: "he was not in his right state of mind during the trial proceedings, trial was moving too fast . . .". which rendered his plea involuntary ($CR_{1366083}$ at 139;

4

CR<sub>1346765</sub> at 113).  The court of appeals erred by finding there was no abuse of discretion on the trial court's part in refusing to allow the appellant to withdraw his guilty plea.

No plea of guilty shall be accepted by the court unless it appears the defendant is mentally competent and the plea is free and voluntary.  TEX. CODE CRIM. PROC. art. 26.13(b);  *cf. Brady v. United States*, 397 U.S. 742 (1970).  While the trial court's admonishments may establish a *prima facie* showing that the plea was knowing and voluntary, the record demonstrates otherwise.  *See Solis v. State*, 945 S.W.2d 300, 302 (Tex. App.—Houston [1st  Dist.] 1997, pet. ref'd).

The record shows the Appellant suffered from several mental illnesses (CR<sub>1366083</sub> at 117-23; CR<sub>1346765</sub> at 90-6).  When the court asked if the defense was ready to proceed to trial, although trial counsel indicated the defense was ready, the Appellant stated, "No we're not ready"  (RR Vol. III at 5).  The Appellant said he did not want to go to trial and requested new counsel. The trial court denied his request (RR Vol. III at 5).  The Appellant had a serious illicit drug addiction and was taking several prescription medications  (RR Vol. III at 51-3).  The Appellant submits this is evidence that the Appellant's "mental illness operates in such a way as to prevent him from rationally understanding the proceedings against him or engaging rationally with counsel in the pursuit of his own best interests." *See Turner v. State*, No. AP-76580, —S.W.3d —, 2013 WL 5808250, at *11 (Tex. Crim. App. Oct. 30, 2013).

The record shows that the Appellant's guilty plea was not a knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. The trial court therefore abused its discretion in failing to permit the Appellant to withdraw that plea and the court of appeals erred by holding otherwise.

## PRAYER

The appellant respectfully urges this Honorable Court to grant the Appellant's Petition for Discretionary Review.

_____ /s /_____
KELLY ANN SMITH
Texas Bar No. 00797867

6

# CERTIFICATE OF COMPLIANCE & SERVICE

Under TEX. R. APP. P. 9.4, 9.5 & 68.11, this certifies that this document contains 2543 words and the undersigned served a copy of this petition on the State of Texas and the State Prosecuting Attorney at the following addresses:

Devon Anderson
Harris County District Attorney
1201 Franklin, Suite 600
Houston, Texas 77002

Lisa C. McMinn
P.O. Box 13046
Capitol Station
Austin, Texas 78711
(512) 463-1660


_____ /s /_____
KELLY ANN SMITH
Texas Bar No. 00797867
P.O. Box 10752
Houston, TX 77206
281-734-0668

**Opinion issued October 30, 2014.**



In The

## Court of Appeals

For The

## First District of Texas

————————————

**NOS. 01-13-01056-CR**
**01-13-01057-CR**

————————————

**JIMMIE JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1346765 & 1366083**

## MEMORANDUM OPINION

Appellant, Jimmie Johnson, pleaded guilty to aggravated robbery and burglary of a habitation. The court accepted appellant's pleas, found him guilty, and, after a punishment hearing, assessed punishment at forty-five years'

confinement for the aggravated robbery and twenty years' confinement for the burglary of a habitation. After sentencing, appellant mailed motions to withdraw his guilty pleas to the trial court. The trial court did not rule on the motions. On appeal, Appellant contends the trial court erred by denying his motions to withdraw his guilty pleas, arguing that they were involuntary. We affirm.

## BACKGROUND

In March 2012, James Bevan discovered appellant had broken into his garage and was stealing a bicycle. Bevan attempted to chase appellant, but was unsuccessful. In May of that year, appellant was charged with burglary of a habitation relating to the bicycle theft.

Later that year, in October 2012, appellant entered a Radio Shack store and pointed a gun at Lashad Jackson, the store manager. Appellant proceeded to duct tape Jackson's hands and demanded the keys to the safe. When Jackson could not unlock the safe, appellant fired a shot in Jackson's direction, hitting a filing cabinet nearby. Appellant then took several cell phones and approximately $300 from the cash register. He was apprehended by police as he was leaving the store and charged with aggravated robbery. The two offenses were to be tried separately.

The aggravated robbery case was tried first. Appellant underwent a competency evaluation and was found competent to stand trial. For aggravated robbery, appellant originally pleaded not guilty. However, during trial he changed

his plea to guilty. In addition to pleading guilty to the aggravated robbery, appellant also pleaded guilty to the burglary of a habitation case, which was an open case at that time.

Appellant's attorney stated that he believed that appellant understood the nature and consequences of his plea and was competent. The trial court found that appellant's pleas were freely and voluntarily given, and accepted them. For both offenses, appellant pleaded guilty without an agreed recommendation. Appellant also stipulated to evidence that he had prior convictions for burglary and tampering with evidence. By stipulating to the State's evidence, appellant agreed that all of the evidence against him was true. On November 25, 2013, he was sentenced to 45 years' confinement in the aggravated robbery case and 20 years' confinement in the burglary of a habitation case, to run concurrently.

Ten days later, on December 5, 2013, appellant mailed motions to withdraw his guilty pleas to the trial court, which were filed on December 11, 2013. The trial court never ruled on the motions, thus they were overruled by operation of law.

## DISCUSSION

In his sole point of error, appellant contends "[t]he trial court erred in failing to allow the appellant to withdraw his guilty plea[s]."

**1. Motion to Withdraw Guilty Plea – presentment requirement**

Generally, a defendant may withdraw his plea any time before judgment is pronounced or the case is taken under advisement by the court. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979). When a defendant files a motion to withdraw a guilty plea after he has been adjudged guilty, the motion operates as a motion for new trial, and the trial court's decision whether to allow a defendant to withdraw his plea is discretionary. *Id.* Abuse of discretion is shown only when the trial court's ruling lies outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

Under Texas Rule of Appellate Procedure 21.6, a criminal defendant is required to "present" a motion to the trial court within 10 days of filing it. TEX. R. APP. P. 21.6; *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998). The mere fact that a defendant has filed a motion is insufficient to satisfy this presentment requirement. *Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009). The term "present" means that "the record must show the movant for new trial sustained the burden of actually delivering the motion for new trial to the trial court or otherwise bringing the motion to the attention or actual notice of the trial court." *Butler v. State*, 6 S.W.3d 636, 640 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (citing *Carranza*, 960 S.W.2d at 79). Actual notice may be shown by

such things as the judge's signature or notation on a proposed order or by a hearing date set on the docket. *Carranza*, 960 S.W.2d at 79.

Unlike *Butler v. State*, in which the record showed that defense counsel informed the court coordinator that the motion was filed and the coordinator scheduled a hearing, 6 S.W.3d at 630, the record in this case does not indicate that appellant notified the court of his motions to withdraw and does not establish that the court had actual knowledge of the motions. Rather, the record shows that the motions to withdraw were accompanied by a proposed order, which was blank and unsigned by the trial judge. In addition, the record is also devoid of any ruling on the motions, or a docket entry evidencing a hearing on the motions. Finding nothing in the record to suggest otherwise, we conclude that appellant failed to timely present his motions for new trial. Because it is not apparent from the record that the motions to withdraw guilty plea were timely presented, the trial court did not abuse its discretion in failing to grant them.

## 2. Voluntariness of Guilty Plea

Even if appellant had presented his motion to withdraw his guilty pleas to the trial court, he would nonetheless have the burden of showing that his pleas were invalid for lack of voluntariness. A guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the right not to incriminate oneself. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex.

6

Crim. App. 2006) (citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969)). Accordingly, a guilty plea, to be consistent with due process of law, must be entered knowingly, intelligently, and voluntarily. *Id.* To be "voluntary," a guilty plea must be the expression of the defendant's own free will and must not be induced by threats, misrepresentations, or improper promises. *Id.* (citing *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1471 (1970)).

If a plea is not entered knowingly and voluntarily, it has been obtained in violation of due process and is void. *Houston v. State*, 201 S.W.3d 212, 221 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 1171 (1969)). The voluntariness of a plea is determined by considering "all of the relevant circumstances surrounding it" and must be affirmatively shown in the record. *Id.* (citing *Brady*, 397 U.S. at 749, 90 S. Ct. at 1469; *Boykin*, 395 U.S. at 242, 89 S. Ct. at 1712). A plea is not involuntary simply because the defendant "did not correctly assess every relevant factor entering into his decision." *Talbott v. State*, 93 S.W.3d 521, 526 (Tex. App.—Houston [14th Dist.] 2002, no pet.)).

The general rule is that a guilty plea is voluntary if the defendant was made fully aware of the direct consequences of his plea. *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999). A guilty plea is not rendered involuntary by a lack of knowledge as to a collateral consequence of the plea. *Id.* at 888–89. "There

are numerous *relevant* consequences of pleading guilty . . . which are not included in the admonishments[.]" *Vasquez v. State*, 889 S.W.2d 588, 590 (Tex. App—Houston [14th Dist.] 1994, no pet.). "A trial court is not required to admonish a defendant about every possible consequence of his plea, direct or collateral, only about those direct consequences that are punitive in nature or specifically enunciated in the law." *Mitschke v. State*, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004). "If the consequence is definite and largely or completely automatic, then it is a direct consequence." *Id.* at 135.

When the record shows that the trial court gave an admonishment, there is a prima facie showing of a knowing and voluntary plea of guilty. *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985). When a defendant attests at his original plea hearing to the voluntary nature of his plea, a heavy burden is placed on him at a subsequent hearing to show a lack of voluntariness. *Thornton v. State*, 734 S.W.2d 112, 113 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd).

The record in this case shows that the trial court properly admonished appellant, thus there is a prima facie showing of knowledge and voluntariness. In addition, both appellant and his trial counsel attested to the voluntary nature of his pleas. Together, this creates a strong presumption of voluntariness regarding appellant's pleas. Nevertheless, appellant now contends that the trial court abused its discretion in accepting his pleas of guilty because he made the pleas without

sufficient awareness or a rational understanding of the nature of the charges and likely consequences. Appellant argues that his pleas were invalid because he was incompetent at the time he pleaded guilty. Specifically, appellant argues that his history of mental illness and drug addiction, coupled with his comment to the judge that he was "not ready" at the beginning of trial, demonstrates he was not competent.

Although appellant claims his pleas were invalid because he was not competent, the record reflects otherwise. On November 12, 2013, appellant underwent a competency assessment and was determined competent to stand trial. Less than two weeks later, appellant made the decision to change his plea to the aggravated robbery case to guilty and to plead guilty to the separate offense of burglary of a habitation. Because appellant was held to have been aware of and have a rational understanding of the charges against him on November 12, 2013, and there being no evidence to the contrary, it is reasonable to conclude that he retained sufficient awareness and understanding of the charges on November 25, and was thus competent at the time of trial. As such, the trial court did not abuse its discretion in permitting his motions for new trial to be overruled by operation of law.

## CONCLUSION

We affirm the trial court's judgments.

                         _____

                         Sherry Radack
                         Chief Justice

Panel consisting of Chief Justice Radack and Justices Jennings and Keyes. Do not publish. TEX. R. APP. P. 47.2(b).