**Carl Michael WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48992.**

Court of Criminal Appeals of Texas.

Nov. 13, 1974.

Kelsey & Wood, Denton, for appellant.

Joseph L. Perkins, Asst. County Atty., John Lawhon, County and Dist. Atty., Denton, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

By per curiam opinion delivered October 9, 1974, we abated this appeal due to the failure of the record to disclose that the attorneys in the case had received timely notice of the completion of the record. Article 40.09, Section 7, Vernon's Ann.C. C.P. Compliance with the statute has been shown by supplemental transcript, and the appeal is properly before us for our consideration.

In a trial before the court without a jury, appellant pled guilty and was convicted of felony theft. Punishment was assessed at five years.

Appellant contends the trial court erred in denying his motion to withdraw his plea of guilty.

It is clear from the record that after appellant moved to withdraw his guilty plea further evidence was adduced. The issue is whether, at this stage of the proceedings, appellant had a right to withdraw his guilty plea.

The two earliest cases speaking to this issue are Ralls v. State, 151 Tex.Cr.R. 146, 205 S.W.2d 594, and Stanton v. State, 159 Tex.Cr.R. 275, 262 S.W.2d 497. *Stanton* made the clearest statement of the rule here applicable in the following language:

"It is the rule of long standing that, ordinarily, an accused who has entered a plea of guilty is *entitled* to withdraw that plea at any time before the retirement of the jury.

"* * *

"Under the present statute which authorizes a plea of guilty before the

court, the judge takes the place of the jury, within the meaning of the rule above stated, as to withdrawing the plea of guilty before the jury retires to consider its verdict." (Emphasis added.)

In this case appellant sought to withdraw his guilty plea before the evidence was closed and the case was sent to the factfinder. Appellant was entitled to withdraw his plea. Such withdrawal would not have interrupted the trial of the case any more than it would in a trial before a jury. A plea of not guilty would have been entered and the case would have proceeded uninterrupted.

Although the trial court erred in refusing to recognize the appellant's right to withdraw his plea of guilty, that error is clearly harmless because appellant took the stand and made a judicial confession, a written judicial confession was placed in evidence, and the evidence of guilt was overwhelming.

Accordingly, the judgment is affirmed.