**Christopher Romeo PAYNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 1073–88 to 1076–88.**

Court of Criminal Appeals of Texas,
En Banc.

June 13, 1990.

Mark C. Stoltz, Dallas, for appellant.

John Vance, Dist. Atty., & Teresa Tolle, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

■ Appellant was convicted, upon a guilty plea, on four separate counts of aggravated robbery. V.T.C.A. Penal, § 29.03(a)(2). He was sentenced to four concurrent terms of 20 years' confinement in the Texas Department of Corrections.[1] The Dallas Court of Appeals affirmed appellant's conviction in an unpublished opinion. *Payne v. State*, Nos. 05–87–00226–CR, 05–87–00227–CR, 05–87–00228–CR, 05–87–00229–CR (Tex.App.—Dallas, Aug. 26, 1988). We granted appellant's petition for discretionary review in order to determine whether "the Court of Appeals erred in finding that the trial court's refusal to allow appellant to withdraw his pleas of guilty was harmless error."[2] We will reverse the judgment of the Court of Appeals.

Appellant pleaded guilty, but refused a plea bargain offer of thirty years. Instead, appellant elected to have the trial judge sentence him without accepting a recommendation from the State. Appellant confessed to the offenses in open court, but he apparently surprised his attorney, the State, and the judge with the following testimony.

[Questions by Mr. Stoltz, defense attorney]

MR. STOLTZ: Even though you used a gun, it was your intent to place them in fear of harm, but you, deep down you did not want to harm them, did you?

THE DEFENDANT: I couldn't have.

MR. STOLTZ: Why not?

THE DEFENDANT: It was just a toy.

MR. STOLTZ: Was the gun ever recovered?

---

1. The Texas Department of Corrections is now called the Texas Department of Criminal Justice, Institutional Division.

2. Justice Howell dissented to the majority's opinion in the Court of Appeals. Review was granted pursuant to Tex.R.App.Pro. 200(c)(5).

THE DEFENDANT: No. It can be.

MR. STOLTZ: Where is the gun?

THE DEFENDANT: Probably still in the toy box.

MR. STOLTZ: Where?

THE DEFENDANT: At my mother's house. It's just a little pistol type.

MR. STOLTZ: Judge, could we have a short recess?

THE COURT: Sure.

(Whereupon, a recess was had.)

MR. STOLTZ: At this time, Your Honor, we would ask that Mr. Payne be allowed to withdraw his plea of guilty in all four cases. He is telling me he is not guilty of aggravated robbery, merely telling me that he is guilty of robbery. Is this correct?

THE DEFENDANT: That's correct.

MR. STOLTZ: Would you grant the oral motion to withdraw on the plea?

THE COURT: I will deny it.

MR. STOLTZ: Note our exception.

Christopher, at this time we had a recess, and you had a chance to talk to me. This is the first time that you have indicated to me that the gun used in these robberies was a toy gun; is that correct?

THE DEFENDANT: Correct. You never asked me that.

MR. STOLTZ: I never asked you if there was a real gun or toy gun; is that correct?

THE DEFENDANT: Right.

MR. STOLTZ: Earlier that week when you talked with the district attorney, she indicated the reason that she'd recommended thirty years, was that you had used a gun in each of these cases; is that correct?

THE DEFENDANT: Yeah.

MR. STOLTZ: And you did not tell her at that time it was a toy gun; is that correct?

THE DEFENDANT: No.

MR. STOLTZ: And you read the indictments, and you admitted what you signed in these judicial confessions in these offenses?

THE DEFENDANT: That's correct.

Next, the prosecutor cross-examined the appellant and attempted to discredit his testimony by showing the opportunity he had to fabricate his testimony concerning the gun and the fact that he had never told anyone about the gun, although he had ample opportunities. The defendant's response was that he was unaware that it was relevant whether the gun was real or a toy.

The Court of Appeals found that the trial judge erred in not granting appellant's motion to withdraw his plea, but found the error to be harmless under Tex.R.App.Pro. 81(b)(2). The court found that under *McWherter v. State*, 571 S.W.2d 312, 313–14 (Tex.Cr.App.1978), and *Wilson v. State*, 515 S.W.2d 274, 275 (Tex.Cr.App.1974), that an erroneous refusal to allow a defendant to withdraw a plea is harmless when "the defendant takes the stand, makes a judicial confession, a written confession is placed in evidence and the evidence of guilt is overwhelming." *Payne*, slip op. at 3–4.

Appellant argues that the Court of Appeals was correct in finding that the trial court erred in refusing his motion to withdraw his plea, but that they erred in relying upon *Wilson* because it is factually distinguishable from the instant case. The State agrees that appellant should have been allowed to withdraw his plea, but argues that appellant's four signed judicial confessions were sufficient evidence upon which the trial judge could have convicted. In addition, the State argues that appellant's judicial confessions would have been admissible even if appellant had been allowed to change his plea. Finally, the State concludes that the evidence of appellant's guilt was overwhelming and that appellant's testimony failed to negate this evidence; therefore, the Court of Appeals correctly found the error to be harmless.

Although this Court has applied harmless error analysis to the failure of a judge to allow a defendant to timely withdraw a plea of guilty, we have only found such error to be harmless when there is no evidence suggesting that the defendant is not guilty or is guilty only of a lesser included offense. Our decision in *Wilson*, was the first to apply the harmless error rule to a failure to allow a defendant's timely withdrawal of a guilty plea to be harmless. Wilson was tried upon a guilty plea before

the court. Prior to the close of evidence, the defendant moved to withdraw his guilty plea, but the trial court refused to allow his motion. We held:

> Although the trial court erred in refusing to recognize the appellant's right to withdraw his plea of guilty, that error is clearly harmless because appellant took the stand and made a judicial confession, a written judicial confession was placed in evidence, and the evidence of guilt was overwhelming.

*Wilson,* 515 S.W.2d at 275.

Although procedurally identical to the instant case, *Wilson* is factually distinguishable. Appellant here failed to make an unequivocal oral judicial confession. In fact, his testimony contradicted his signed confession in one material aspect. Although the signed confession stated that he had used a gun, appellant's testimony "clarified" this statement to mean that he had used a toy gun, rather than an actual firearm. In *Wilson,* there apparently was never any challenge to the substance of any of the confessions and the defendant's guilt was not a factual issue. This distinction, whether the defendant's factual innocence is at issue, is important under our prior case law.

In *McWherter,* 571 S.W.2d at 312, we found that it was error for the trial judge to refuse to allow the defendant to withdraw a guilty plea. There, the State relied upon *Wilson* for the proposition that the alleged error was harmless. We rejected this contention on the basis that McWherter argued that sufficiency of the evidence was at issue and that he was erroneously

denied a hearing under *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Thus, in a case in which there was some factual dispute, accompanied by some suggestion that a confession might have been involuntarily given, we declined to find that the error was harmless.

■ Of the two cases decided by this Court regarding application of the harmless error rule to a failure to allow a defendant to timely withdraw his guilty plea, the instant case is much nearer to *McWherter* than to *Wilson.* Here, there was a significant factual issue as to appellant's guilt of aggravated robbery.[3] Also, unlike in *Wilson,* appellant's testimony served to undermine the factual validity of his signed confession. Finally, appellant's testimony served to raise an issue of the voluntariness of the signed confessions made pursuant to his guilty plea.[4]

■ We find that appellant's testimony raised factual issues as to his guilt and as to the voluntariness of his judicial confessions. Because of appellant's testimony, we cannot say beyond a reasonable doubt that the trial error did not effect the outcome of appellant's trial.[5]

The judgment of the Court of Appeals is reversed. This cause is remanded to the trial court so that appellant may answer the indictments.

McCORMICK, P.J., concurs in the result.

---

3. Although appellant's testimony clearly established that he was guilty of robbery, that testimony raises the issue of whether he used an actual handgun. If the handgun was real, appellant committed aggravated robbery; if not, he committed only robbery. *Compare* V.T.C.A. Penal, § 29.03(a)(2) *and* V.T.C.A. Penal, § 29.02(a)(2).

4. Appellant testified that he believed the genuineness of the gun used was irrelevant. In *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), the Supreme Court held that a guilty plea to a charge of second degree murder was involuntary because the defendant had not been warned that, under New York law, the commission of second degree

murder requires a specific intent to kill. At his post-conviction hearing, the defendant argued that he did not intend to kill the victim and he would not have pleaded guilty had he understood specific intent to be an element of the crime. Despite overwhelming evidence of the defendant's guilt of second degree murder, the Supreme Court reversed the defendant's conviction. *Id.* at 644, 96 S.Ct. at 2257.

5. Conviction on a charge of robbery, as opposed to aggravated robbery, would have subjected appellant to a different punishment range and could have also adversely affected his release date, even in the event of an identical sentence. V.A.C.C.P. Art. 42.18 § 8(b).