JOHNSON 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-599-CR





GREGORY DOUGLAS JOHNSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 42,598, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING



 





 Appellant Gregory Douglas Johnson appeals from his conviction in Bell County on
one count of aggravated robbery. See Tex. Penal Code Ann. § 29.03 (West 1994). (1) The trial
court convicted Johnson on a guilty plea of twelve counts of robbery and one count of aggravated
robbery and sentenced him to concurrent terms of twenty-five years' confinement for each count
under the enhancement provisions for repeat offenders. See Act of June 16, 1983, 68th Leg.,
R.S., ch. 339, § 1, 1983 Tex. Gen. Laws 1750, amended by Act of June 12, 1985, 69th Leg.,
R.S., ch. 582, § 1, 1985 Tex. Gen. Laws 2201 (Tex. Penal Code Ann. § 12.42, since amended). 
The court denied a motion for new trial, and Johnson filed this appeal alleging one point of error:
the court abused its discretion in overruling his motion for new trial because his plea of guilty to
aggravated robbery was involuntary. We will affirm the conviction.



BACKGROUND


 Johnson was originally charged with eight counts of robbery and five counts of
aggravated robbery. As the result of a plea bargain, Johnson waived a jury trial and pled guilty
to the aggravated robbery of Richard Drake, in exchange for which the State reduced the four
remaining aggravated robbery charges to simple robbery. In all, Johnson pled guilty to twelve
counts of simple robbery and one count of aggravated robbery. Because Johnson had prior
robbery convictions, the trial court sentenced him to twenty-five years in prison for each count.

 Johnson filed a motion for new trial asserting that his plea of guilty to aggravated
robbery with a deadly weapon had not been made voluntarily. At a hearing on the motion,
Johnson testified that after pleading guilty, he read the police report and Drake's statement to the
police. In this statement, Drake told the police that he heard a hard object hit the counter and a
"click" that sounded like the cocking of a gun, and saw a silver object in appellant's hand held
below the counter. Drake never actually saw a gun, but told the police that he believed Johnson
had one, which made him fear for his life. Johnson testified that he told the police and his
attorney he did not use a gun in the robbery of Drake. Johnson also contended that two witnesses,
Perry Knuckles and Lynda Harvey, would have testified that he did not own or use a gun; a court-appointed investigator tried unsuccessfully to locate these witnesses. Johnson maintains that had
these witnesses been found or had he known the content of Drake's statement, he would not have
pled guilty or would have withdrawn his plea and gone to trial. 



DISCUSSION


 We will reverse a trial court's decision to overrule a motion for new trial only if
the trial court abused its discretion, i.e., if it acted arbitrarily or without reference to guiding
principles. State v. Gonzales, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). Johnson asserts
in his point of error that the trial court erred in refusing his motion for new trial because the
evidence suggests that his plea of guilty to aggravated robbery was involuntary and that he is
innocent. See Payne v. State, 790 S.W.2d 649 (Tex. Crim. App. 1990). Johnson argues that
because he would not have pled guilty had he been able to locate his witnesses and read Drake's
statement, the trial court should have allowed him to withdraw his guilty plea and go to trial.

 A defendant's plea is voluntary if it represents a free and intelligent choice among
the alternative courses of action open to him. See North Carolina v. Alford, 400 U.S. 25, 31
(1970). This due process requirement is satisfied when the defendant enters his plea with a full
understanding of the charges against him and the consequences of his plea. See Ex parte Evans,
690 S.W.2d 274, 276 (Tex. Crim. App. 1985). A record demonstrating that a defendant was
properly admonished constitutes a prima facie showing that the guilty plea was intelligent and
voluntary; the burden then shifts to the defendant to establish that he did not understand his plea. 
Soto v. State, 837 S.W.2d 401, 405 (Tex. App--Dallas 1992, no writ). Johnson pled guilty and
was sentenced after a full warning and admonishment by the court on the effect of each of his
pleas. Each charge was individually read and each sentence was individually announced. Johnson
had been convicted of robbery before, and testified at trial that he knew the difference between
simple and aggravated robbery and the penalties each carries. Therefore, Johnson's plea was
prima facie voluntary. 

 Johnson asserts that his plea was involuntary because he would not have pled guilty
if he had been able to locate Perry Knuckles or Lynda Harvey, or if he had known the content of
Drake's statement to the police. These considerations do not render Johnson's plea involuntary. 
The court of criminal appeals has held that a plea may be voluntary even if a defendant does not
correctly assess every relevant factor entering into his decision. Ex parte Evans, 690 S.W.2d at
277 (citing Brady v. United States, 397 U.S. 742 (1970)). Johnson stated at the hearing on his
motion for new trial that he pled guilty to aggravated robbery merely to get the benefit of the plea
bargain. He said that, even though he had not used a gun, he felt that he had no way of proving
that fact until he saw Drake's statement indicating that Drake had not actually seen a weapon. 
Contrary to his contention, Johnson's testimony demonstrates that his plea was voluntary because
he did understand the charges against him and the consequences of his plea; he simply reassessed
the strength of the case against him based on part of the State's evidence after reading Drake's
statement.

 Johnson further argues that there was sufficient evidence of his innocence to compel
the trial court to grant his motion for new trial. See Payne v. State, 790 S.W.2d 649, 652 (Tex.
Crim. App. 1990). In Payne, the trial court refused to allow a defendant to withdraw his plea of
guilty to aggravated robbery before the close of evidence after he revealed that he had committed
the offense using a toy gun. Id. at 651. The court of criminal appeals reversed Payne's
conviction, holding that this revelation raised a significant factual issue as to his guilt and
undermined the factual validity of his signed confession. Id. at 652. The court also noted that
Payne had failed to make an unequivocal oral judicial confession. Id. 

 Unlike the defendant in Payne, Johnson did make an unequivocal oral judicial
confession and did not attempt to withdraw his plea of guilty until he had already been sentenced. 
Moreover, his motion for new trial raised no significant new factual issue as to his guilt. It is not
necessary that a victim see or that a perpetrator openly display a firearm for a defendant to be
convicted of aggravated robbery; existence of the firearm may be inferred from circumstantial
evidence. See, e.g., Moore v. State, 531 S.W.2d 140, 142-43 (Tex. Crim. App. 1976)
(circumstantial evidence was sufficient to support aggravated robbery conviction where witness
testified he heard gun referred to in street slang and heard the sound of gun being cocked, even
though he did not see a gun of any kind); Benavidez v. State, 670 S.W.2d 297, 301 (Tex.
App.--Amarillo 1983, no writ) (upholding aggravated robbery conviction where victim testified
she felt a hard object in her back and heard what she believed to be the cocking of a gun). 
Drake's statement to police that he heard a hard object hit the counter, saw Johnson holding a
silver object below the counter, and then heard what he believed to be the cocking of a gun would
have been sufficient evidence to sustain a conviction on aggravated robbery even if Johnson had
gone to trial; it did not raise any factual issue as to his guilt.

 Johnson also testified at the hearing on his motion for new trial that Knuckles and
Harvey would have substantiated his claims that he did not own or use a gun, and that he would
have proceeded to trial had these witnesses been available. However, Johnson conceded that these
witnesses were not present during the robbery. Johnson further admitted that he never requested
a subpoena for the driver of the car who aided his escape from the scene of the robbery. In short,
Johnson failed to adduce any evidence raising a significant factual issue as to his guilt.

 Johnson has apparently had a change of heart and now believes that if he had not
pled guilty on the aggravated robbery count, the State would have had difficulty proving its case. 
Johnson has not shown that any new evidence raised a significant factual issue as to his guilt or
brought into question the voluntariness of his plea. Because we find that the trial court did not
abuse its discretion in overruling Johnson's motion for new trial, we overrule his point of error.



CONCLUSION


 Appellant's plea of guilty to aggravated robbery was made voluntarily, and there
was sufficient evidence of guilt to support the plea and the conviction. We therefore affirm the
trial court's judgment.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: November 23, 1994

Do Not Publish 
1.   This offense took place before September 1, 1994 and is governed by the law in
effect at the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, §
1.18, 1993 Tex. Gen. Laws 3586, 3705. Because the code amendments effective
September 1, 1994 have no substantive effect on this offense, the current code is cited for
sake of convenience.