In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-01-01141-CR

NOS. 01-01-01142-CR

____________


SHARON SMALL, Appellant


V.


THE STATE OF TEXAS, Appellee







On Appeal from the 174th District Court

 Harris County, Texas

Trial Court Cause Nos. 850333, 848617.






O P I N I O N

 Without an agreed recommendation, appellant pleaded guilty to two
aggravated robbery charges. After receiving the Pre-Sentence Investigation report
("PSI") and conducting a sentencing hearing, the trial judge found appellant guilty
and assessed punishment at 15 years in prison for each aggravated robbery. We
affirm.FACTS

 The record shows that on June 25, 2000, appellant and codefendant, Roger
Wesley, committed two aggravated robberies. The first robbery involved both
appellant and Wesley entering a Stop N Go convenience store. The complainant
recognized Wesley as someone who had committed several thefts at this particular
store. In this instance, Wesley walked to the cash register island and stepped behind
the counter. The complainant walked to the same area where Wesley was and tried
to make a telephone call. Appellant rushed toward the complainant, slapped his face,
and took his telephone away. Wesley then pulled out a knife, demanded cigarettes
and money, and chased the complainant around the store. Wesley and appellant then
left the store.

 The second robbery occurred approximately five hours later at an Exxon
Gas Station. Wesley entered the gas station, and appellant stayed in the vehicle. 
Wesley asked the clerk whether a cup of ice was free, and the clerk informed Wesley
that it was not. Wesley then walked out, returned, and asked for a carton of
cigarettes. After the clerk asked him for identification, Wesley pulled out his knife
and stated he wanted the cigarettes and all of the money. The clerk told Wesley the
police would be arriving to fill up their patrol cars. Wesley grabbed the money and
fled. Appellant remained in the vehicle during this robbery.

 The suspects' vehicle was traced to another person who later identified
appellant and Wesley as the persons in possession of the vehicle when the robberies
were committed. Appellant admitted being involved in the robbery at the Stop N Go
convenience store and being the driver of the vehicle while Wesley robbed the Exxon
Gas Station; however, she denied being involved in the robberies.

 In her statement, she recalls that she was inside the store when Wesley
robbed the clerk, but when she realized what was happening, she panicked and hung
up the telephone when complainant attempted to call the police. In regard to the
second robbery, she stated that she remained in the vehicle while Wesley entered the
store and was not aware of the robbery until they drove away.

GUILTY PLEAS

 In two points of error, appellant contends that the trial judge erred by not
sua sponte withdrawing her guilty pleas on the basis that they were not intelligently
and knowingly entered. More specifically, appellant argues that her statements in the
PSI are inconsistent with her guilty pleas. Appellant contends that she did not
understand the law of parties, and her self-serving statements, which are included in
the PSI, make her nothing but a "knowing bystander."

 To examine the voluntariness of a guilty plea, we examine the record as a
whole. Brown v. State, 11 S.W.3d 360, 362 (Tex. App.--Houston [1st Dist.] 2000, 
pet. ref'd). Appellant signed and initialed the statutory plea admonishments, and her
receipt of the admonishments is prima facie evidence that her plea was knowingly and
voluntarily made. See Harrison v. State, 688 S.W.2d 497, 499 (Tex. Crim. App.
1985); Brown, 11 S.W.3d at 362. The burden then shifts to the appellant to establish
she did not understand the consequences of her plea. See Solis v. State, 945 S.W.2d
300, 302 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd). Appellant does not
contend that she was improperly admonished by the trial judge. The record shows
that appellant was properly admonished. Appellant relies on her own statements in
the PSI to support her claim. She presents no evidence to rebut the judge's finding
that "[T]he pleas are freely and voluntarily made," or that her signature on the written
admonishments was not voluntarily made.

 Appellant does not cite any authority supporting her assertion that a plea is
involuntary when the PSI contains information that is inconsistent with a plea of
guilty. Appellant relies on Payne v. State, which involved a defendant who pleaded
guilty to aggravated robbery. 790 S.W.2d 649 (Tex. Crim. App. 1990). Payne is
distinguishable because in Payne the defendant testified during the sentencing
hearing and filed a motion to withdraw his guilty plea, which was denied by the trial
judge. Id. at 649-51. In this case, appellant neither filed a motion to withdraw her
guilty pleas nor did she testify during the sentencing hearing. 

 Appellant also contends that the trial judge erred because he did not sua
sponte withdraw appellant's guilty pleas. We find no merit to this contention. A
trial judge is not required, under all circumstances, to withdraw a guilty plea sua
sponte for a defendant when that defendant entered a plea of guilty and waived a jury. 
See Moon v. State, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978); Solis, 945 S.W.2d
at 302. Instead, it is the trial judge's duty to consider the evidence submitted, to find
appellant guilty, or guilty of a lesser offense, or to acquit the defendant. See Moon,
572 S.W.2d at 682; Solis, 945 S.W.2d at 303. Because the evidence showed that
appellant knowingly and voluntarily pleaded guilty, we hold that the trial judge did
not abuse his discretion by not sua sponte withdrawing appellant's guilty pleas. 

 We overrule appellant's first and second points of error.

 The judgments of the trial court are affirmed.


 Jackson B. Smith, Jr. (1)

 Justice 


Panel consists of Justices Mirabal, Taft, and Smith. 


Do not publish. Tex. R. App. P. 47.
1. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.