Opinion issued November 17, 2005








     




In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00950-CR
NO. 01-04-00951-CR




SCOTT ANDREW PERRY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause Nos. 974008 and 974192




MEMORANDUM OPINION
          Appellant, Scott Andrew Perry, pleaded guilty to two felony offenses of
aggravated robbery without an agreed recommendation from the State, and the trial
court sentenced him to two concurrent 40-year terms in prison. See Tex. Pen. Code
Ann. § 29.03 (Vernon 2004). Appellant contends that the trial court abused its
discretion by refusing to allow him to withdraw his guilty pleas. We affirm.
Procedural Background
          Appellant was charged by separate indictments with two felony offenses of
aggravated robbery with a deadly weapon. Appellant appeared before the trial court
on May 12, 2004, and pleaded guilty to both offenses without an agreed
recommendation from the State. The trial court accepted appellant’s pleas but
deferred assessing punishment until a presentence investigation (PSI) and report
could be completed. Before appellant’s punishment hearing, appellant’s attorney,
Bob Heath, died. Id. On August 12, 2004, the trial court appointed J.D. Smith to
represent appellant. On September 2, 2004, Smith filed a motion to withdraw
appellant’s pleas of guilty on the grounds that appellant’s guilty pleas were not freely
and knowingly given but entered involuntarily. The motion further stated that
appellant would have pleaded not guilty had his counsel informed him of the defense
of duress,


 which the motion asserted was raised by appellant’s statements in the PSI,
in which he stated that he was coerced into committing the offense. The trial court
heard appellant’s motion to withdraw his guilty pleas immediately before the
sentencing hearing, and appellant was the only witness who testified on the motion. 
Appellant testified that he told Heath the same facts of the offenses that were in the
PSI report but that Heath advised him to plead guilty. The trial court denied the
motion, conducted the sentencing hearing, and assessed punishment at 40 years in
prison. 
Withdrawal of Guilty Pleas
          In his sole issue, appellant contends that the trial court abused its discretion by
denying his motion to withdraw his guilty pleas because appellant’s trial counsel,
who represented him when his guilty pleas were made, did not advise him that the
affirmative defense of duress could be available and that as a result, his guilty pleas
were not voluntarily, intentionally, or knowingly entered.
          We examine the record as a whole to determine the voluntariness of a guilty
plea. Richards v. State, 562 S.W.2d 456, 457 (Tex. Crim. App. 1977); Dusenberry
v. State, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d). To
be knowing and voluntary, a guilty plea must be made with full understanding of the
relevant circumstances and likely consequences. McMann v. Richardson, 397 U.S.
759, 766, 90 S. Ct. 1441, 1446 (1970). Generally, a defendant does not have a right
to withdraw his guilty plea while waiting for the results of a presentence
investigation. Jackson v. State, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979). 
Specifically, when a trial court has found the defendant guilty and resets the case to
await the results of the presentence investigation, the court has taken the matter under
advisement, and withdrawal of the guilty plea is within the sound discretion of the
trial court. DeVary v. State, 615 S.W.2d 739, 740 (Tex. Crim. App. 1981); Russell
v. State, 711 S.W.2d 114, 117 (Tex. App.—Houston [14th Dist.] 1986, pet. ref’d). 
          A guilty plea is not knowing or voluntary if made as a result of ineffective
assistance of counsel. Ex parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980). 
Further, evidence that would negate an essential element of an offense can render a
guilty plea involuntary. See Payne v. State, 790 S.W.2d 649, 651–52 (Tex. Crim.
App. 1990) (holding appellant’s testimony that crime committed with toy gun raised
issue of voluntariness of guilty plea for aggravated robbery). A defendant who pleads
guilty on advice of counsel must demonstrate on appeal that the advice was not within
the range of competence demanded of counsel in criminal cases. McMann, 397 U.S.
at 771, 90 S. Ct. at 1449. 
          To prevail on a claim of ineffective assistance of counsel, the defendant must
show both that trial counsel’s performance was deficient and that a reasonable
probability exists that the result of the proceeding would have been different. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The first
prong of the Strickland test requires that the defendant show that counsel’s
performance fell below an objective standard of reasonableness. Thompson v. State,
9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Thus, the defendant must prove
objectively, by a preponderance of the evidence, that trial counsel’s representation
fell below professional standards. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim.
App. 2002). The second prong requires that the defendant show a reasonable
probability that, but for counsel’s unprofessional errors, the result of the proceeding
would have been different. See Strickland, 466 U.S. at 693–94, 104 S. Ct. at 2068;
Thompson, 9 S.W.3d at 812. Because the reviewing court must, however, indulge a
strong presumption that counsel’s conduct falls within the wide range of reasonable
professional assistance, the defendant must overcome the presumption that, under the
circumstances, the challenged action “might be considered sound trial strategy.”
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Any allegation of ineffectiveness
must be firmly founded in the record, and the record must demonstrate affirmatively
the alleged ineffectiveness. Thompson, 9 S.W.3d at 813 (citing McFarland v. State,
928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). We will not speculate to find trial
counsel ineffective when the record is silent on counsel’s reasoning or strategy. 
Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000). In rare cases,
however, the record can be sufficient to prove that counsel’s performance was
deficient, despite the absence of affirmative evidence of counsel’s reasoning or
strategy. Id. 
          Assuming that appellant’s testimony would have raised the affirmative defense
of duress if appellant had elected to go to trial, the record does not show that Heath
neglected to discuss the possibility of the defense with appellant before appellant
entered his pleas of guilty. Appellant never testified that he was unaware of the
affirmative defense of duress before he pleaded guilty. The record is therefore silent
on whether Heath discussed with appellant the availability of the duress defense
before he pleaded guilty. 
          The record is replete, however, with evidence that appellant’s pleas of guilty
were knowingly and intelligently entered after consulting with Heath about his
options concerning the offenses. Appellant testified that he told Heath all of the same
facts that appellant related to the PSI investigator. Appellant’s pleas of guilty were
taken before the trial-court judge in the presence of a court reporter. Additionally,
written documents advised appellant of his rights concerning his pleas of guilty. 
Further, this is not a case like Payne in which evidence negating an essential element
of aggravated robbery was discovered at the punishment hearing, thus rendering
appellant’s guilty plea involuntary, because the record shows that appellant fully
discussed the offense with Heath before trial and nothing in the record shows that
appellant was unaware of any possible defenses. 790 S.W.2d at 651–52 (rejecting
robbery offenses as aggravated because committed with toy gun and guilty plea
therefore not voluntary). 
          Appellant’s written pleas of guilty appear on written documents signed by
appellant and his attorney. In those documents, appellant waived the following
rights: trial by jury; the appearance, confrontation, and cross-examination of
witnesses; and his right against self incrimination. Further, the same documents show
that appellant admitted committing the aggravated robberies. 
          Appellant not only confessed to the crimes in writing when he pleaded guilty
but also affirmatively stated that he was satisfied with his attorney’s representation
and waived any additional time to prepare for trial. Appellant’s plea documents,
which reflect his signature, state that he was “satisfied that the attorney representing
me today in court has properly represented me and I have fully discussed this case
with him.” Further, Heath indicated his approval of the pleas of guilty by signing his
name on appellant’s plea documents. Heath’s signature appears below the following
statement: “I represent the defendant in this case and I believe that this document was
executed by him knowingly and voluntarily and after I fully discussed it and its
consequences with him . . . . I waive any further time to prepare for trial to which I
or the defendant may be entitled.” 
          The trial-court judge signed appellant’s plea of guilty papers, which state that
the defendant entered a plea of guilty; that she admonished him of the consequences
of his plea; that she ascertained that he entered it knowingly and voluntarily after
discussing the case with his attorney; that the defendant was mentally competent; and
that the defendant’s plea was free and voluntary. The trial court also found that Heath
was competent and “effectively represented the defendant in this case.”
          In addition, the appellant signed written admonishments when he pleaded
guilty that stated as follows: “I am fully satisfied with the representation by my
counsel and I received effective and competent representation.” The admonishments
further stated, “I understand the offenses I am charged with and my attorney has
discussed with me all the defenses, if any, I might have to these charges and I am
entering this plea freely and voluntarily in the exercise of my own good judgment.”
          At the hearing concerning appellant’s motion to withdraw his pleas of guilty,
the trial court reasonably could have rejected appellant’s attorney’s assertion that
appellant was unaware about the defense of duress when he pleaded guilty to the
offense because appellant’s testimony did not address that issue. Given that the
record is silent on whether the duress defense was discussed prior to appellant’s entry
of his pleas and that the record affirmatively shows that Heath was not only familiar
with all of the facts concerning appellant’s charges but that he also fully discussed
those charges with appellant, we cannot conclude that the record establishes that
Heath rendered ineffective assistance of counsel by failing to advise appellant of the
availability of a defense. See Spencer v. State, 666 S.W.2d 578, 580 (Tex.
App.—Houston [1st Dist.] 1984, pet. ref’d) (holding record did not show guilty plea
involuntary when no evidence in record indicated that counsel misstated range of
punishment to appellant and that appellant relied on counsel’s advice). We hold that
the trial court did not abuse its discretion by declining appellant’s motion to withdraw
his pleas of guilty.
          We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court. 
 

                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Do not publish. Tex. R. App. P. 47.2(b).