NUMBER 13-06-00526-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


WILLIAM ISAAC CHAVEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 24th District Court of Victoria County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez



 Appellant William Isaac Chavez appeals his conviction of aggravated robbery with
a deadly weapon. Tex. Penal Code Ann. § 29.03 (Vernon 2003). In a single point, Chavez
contends that the trial court committed reversible error by accepting an involuntarily
entered guilty plea. We affirm.

I. BACKGROUND

 Chavez was indicted for robbing Jesus Rea using a firearm. He plead guilty in
exchange for a recommendation of deferred adjudication by the State. See generally Tex.
Code Crim. Proc. Ann. art. 42.12 (Vernon 2006). Chavez executed a plea memorandum
that included a paragraph titled, "free and voluntary plea" and a warning that the
punishment range for a first degree felony was a prison term of not more that 99 years. 
The trial court also admonished Chavez as the consequences of violating community
supervision terms by stating, "This is a serious matter. You need to follow the rules or you
could be arrested and you['ll] [sic] be looking at a wide range of time . . . minimum calendar
time is 5 years. You'll need to straighten up." 

 After admonishing Chavez, the trial court found that he had used a firearm during
the robbery, deferred adjudication for ten years, placed Chavez on community supervision,
and ordered him to pay a fine, courts costs, and restitution. Approximately two years later,
the State filed a motion to adjudicate guilt, which alleged that Chavez had violated
numerous community supervision requirements. 

 A hearing was held on June 15, 2006. Chavez pled true to (1) leaving the county
without permission, (2) failing to pay court costs, (3) failing to perform community service
hours, and (4) not entering a drug rehabilitation program. Chavez pled not true to failing
to meet with his probation officer and to failing to pay supervisory fees. At the hearing,
Chavez testified that none of the evidence against him for the aggravated robbery charge
was true and that he plead guilty out of fear of receiving a stiff sentence.

 On June 15, 2006, the trial court found that Chavez had violated all six of the
community supervision requirements that the State alleged he had violated. It entered an
adjudication of guilty and sentenced Chavez to 20 years in prison. Chavez timely filed a
motion for new trial asserting that his initial plea of guilty was involuntary; the motion for
new trial was denied by operation of law. A notice of appeal was filed on September 22,
2006. (1)

 II. DISCUSSION

 Chavez's sole point of error is that the guilty plea he entered in exchange for
deferred adjudication was involuntary. See Tex. Crim. Proc. Code Ann. art. 26.13(b)
(Vernon Supp. 2006) (providing that no plea of guilty or plea of nolo contendere shall be
accepted by the court unless it appears that the defendant is mentally competent and the
plea is free and voluntary). 

 In his first sub-point, Chavez argues that he "didn't know anything about a gun" and
that this lack of knowledge negates the deadly weapon element of aggravated robbery. 
The only case cited by Chavez is Payne v. State, 790 S.W.2d 649, 652 (Tex. Crim. App.
1990), which he argues supports his involuntariness argument. We disagree.

 In Payne, the defendant pled guilty to aggravated robbery. Id. at 650. At the
sentencing hearing, Payne, for the first time, stated that he used a toy gun to commit the
robbery. Id. at 651. Until that point in the proceedings, Payne did not know that there was
a difference in the severity of charges or punishment range if he had used a real gun
verses a toy gun. Id. The trial court denied Payne's motion to withdraw his guilty plea. Id. 
 The court of criminal appeals held that Payne's surprise testimony raised a serious
fact issue as to his guilt of aggravated robbery and served to undermine the factual validity
of his signed confession. Id. at 652. It reversed the trial court's judgment of conviction and
remanded the case. Id. at 652. 

 Chavez's reliance on Payne is misplaced. Payne is distinguishable because the
defendant in that case timely moved to withdraw his guilty plea - before sentencing - while
Chavez never moved to withdraw his plea and only now argues that the trial court erred by
entering an involuntary plea. Aldrich v. State, 53 S.W.3d 460, 467 (Tex. App.-Dallas
2001), aff'd, 104 S.W.3d 890 (Tex. Crim. App. 2003). Chavez's first sub-point lacks merit.

 Chavez also contends that his plea was involuntary because he was afraid of
receiving a stiff sentence and therefore pled guilty to a crime that he did not commit. When
the record shows that a defendant was properly admonished, it presents a prima facie
showing that the guilty plea was knowing and voluntary. Ex parte Williams, 704 S.W.2d
773, 775-76 (Tex. Crim. App. 1986); Richard v. State, 788 S.W.2d 917, 920 (Tex.
App.-Houston [1st Dist.] 1990, no pet.). The burden then shifts to the defendant to
establish that he did not understand the consequences of his plea. Id. Any complaints
about extrinsic matters should be raised in a motion for new trial. McMillan v. State, 769
S.W.2d 675, 676 (Tex. App.-Dallas 1989, pet. ref'd). The trial court is the appropriate
forum to present evidence that may warrant a new trial and to make a record for appellate
review. Id.

 In the instant case, Chavez filed an unverified motion for new trial asserting that his
plea of guilty was involuntary. However, a hearing on Chavez's motion for new trial was
never held. The only evidence concerning the involuntariness of Chavez's plea is his
testimony before the trial court at the hearing on the State's motion to adjudicate guilt,
where he stated that he plead guilty merely to avoid a long prison term. 

 A review of the record reveals that Chavez was properly admonished before the trial
court on September 29, 2004, when he entered a plea of guilty in exchange for deferred
adjudication. The clerk's record contains a plea memorandum that includes a paragraph
titled, "free and voluntary plea," which was executed by Chavez. We hold that Chavez has
not meet his burden of establishing that he did not understand the consequences of his
plea. See Richard, 788 S.W.2d at 920. Chavez's second sub-point also fails. 

 We overrule rule Chavez's sole point of error.

III. CONCLUSION

 The judgment of the trial court is affirmed.

 

 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 9th day of August, 2007.
1. We note that the record contains two trial court certifications of Chavez's right to appeal. The first
is dated September 29, 2004, and states that the case is a plea-bargain case and that the defendant has no
right to appeal. The second is dated June 15, 2006, and states that it is not a plea-bargain case and that the
defendant has the right to appeal. Accordingly, we conclude that we have jurisdiction to hear Chavez's
appeal, subject to Texas Code of Criminal Procedure article 42.12 § 5(b). Hargesheimer v. State, 182 S.W.3d
906, 913 (Tex. Crim. App. 2006); see also Tex. R. App. P. 25.2(a) (providing that in a plea bargain case a
defendant may appeal only those matters that were raised by written motion filed and ruled on before trial or
after getting the trial court's permission to appeal).