

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00127-CR

**SAMUEL BETTIS KHAN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 278th District Court
Walker County, Texas
Trial Court No. 23663

## MEMORANDUM OPINION

The trial court revoked Samuel Bettis Khan's community supervision for aggravated robbery and sentenced him to twenty-five years in prison. On appeal, Khan challenges: (1) the factual sufficiency of the evidence to support a deadly weapon finding; and (2) whether trial and appellate counsel were ineffective. We affirm.

### DEADLY WEAPON FINDING

In issue one, Khan challenges the factual sufficiency of the evidence to support the trial court's deadly weapon finding.

"[A] defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State,* 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Khan did not appeal any issues at the time community supervision was imposed, but argues that enforcement of this rule would violate due process in this case because the trial court did not make an express deadly weapon finding until adjudicating guilt.

When Khan pleaded guilty to aggravated robbery, he judicially admitted that: "I, SAMUEL BETTIS KHAN…did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threaten or place [the complainant] in fear of imminent bodily injury or death, and the defendant *did then and there use or exhibit a deadly weapon, to wit: a handgun.*" Accordingly, he admitted to committing each element of the offense alleged in the indictment, including the deadly weapon allegation. *See Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005); *see also Huval v. State*, No. 07-07-0212-CR, 2008 Tex. App. LEXIS 3788, at *6-7 (Tex. App.—Amarillo May 23, 2008, no pet.) (not designated for publication). Khan's first opportunity to challenge the deadly weapon finding arose at the time of the original plea proceeding. He has waived the issue by failing to raise it when community supervision was first imposed. *See Roth v. State*, No. 02-02-00516-CR, 2004 Tex. App. LEXIS 5827, at *10-11 (Tex. App.—Fort Worth July 1, 2004, no pet.) (not designated for publication). We dismiss issue one.

**INEFFECTIVE ASSISTANCE**

In issue two, Khan maintains that both trial and appellate counsel rendered ineffective assistance.

Khan contends that trial counsel was ineffective by failing to challenge the sufficiency of the evidence to support the deadly weapon finding. Khan must show that: (1) counsel's performance was deficient; and (2) the defense was prejudiced by counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *see also Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003). The record is silent as to any reasons explaining trial counsel's actions and we will not so speculate. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Absent a record revealing trial counsel's strategy or motivation, Khan has not defeated the strong presumption that trial counsel's actions fell within the wide range of reasonable professional assistance. *Id.* His ineffective assistance claim is better raised through an application for a writ of habeas corpus. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

Khan next contends that his original appellate counsel was ineffective by failing to pursue a motion for new trial alleging trial counsel's ineffectiveness based on the failure to challenge the deadly weapon finding.[1] Khan must show that: (1) counsel's performance was deficient; and (2) there is a reasonable probability he "would have prevailed on appeal" but for counsel's deficient performance. *Ex parte Santana*, 227

---

[1]    Khan's original appellate counsel filed a motion for new trial alleging that he received ineffective assistance of trial counsel and was not allowed to present character witnesses.

S.W.3d 700, 704-05 (Tex. Crim. App. 2007).  Given Khan's judicial admission, we cannot say that he "would have prevailed on appeal" had appellate counsel filed and obtained a hearing on a motion for new trial.[2]  *See Dinnery v. State*, 592 S.W.2d 343, 353-54 (Tex. Crim. App. 1980); *see also Praker v. State*, No. 01-06-00330-CR, 2007 Tex. App. LEXIS 3007, at *8-9 (Tex. App.—Houston [1st Dist] Apr. 19, 2007, no pet.) (not designated for publication).  We overrule issue two.

We affirm the trial court's judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed August 26, 2009
Do not publish
[CRPM]

---

[2]     During the sentencing phase of the adjudication hearing, Khan testified that the weapon was actually a "toy gun" and that his wife was the one in possession of the weapon at the time of the offense. Thus, in issue one, Khan cites *Payne v. State*, 790 S.W.2d 649 (Tex. Crim. App. 1990), in which the Court of Criminal Appeals held that Payne should have been allowed to withdraw his guilty plea after testifying that he used a toy gun to commit the offense.  *See Payne*, 790 S.W.2d at 650, 652.  Unlike in *Payne*, Khan did not seek to withdraw his guilty plea and his testimony was admitted during the sentencing portion of the adjudication hearing.  *See Aldrich v. State*, 53 S.W.3d 460, 467 (Tex. App.—Dallas 2001), *aff'd* by 104 S.W.3d 890 (Tex. Crim. App. 2003); *see also Recio v. State*, No. 14-06-00312-CR, 2007 Tex. App. LEXIS 3905, at *5-6 (Tex. App.—Houston [14th Dist.] May 22, 2007, no pet.) (not designated for publication); *Keller v. State*, 125 S.W.3d 600, 605-06 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd) ("[A] defendant who pleads guilty to the court by executing a valid judicial confession waives any challenge to the factual sufficiency of the evidence.").