IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00127-CR

 

Samuel Bettis Khan,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 278th District
Court

Walker County, Texas

Trial Court No. 23663

 



MEMORANDUM  Opinion



 








            The trial court revoked
Samuel Bettis Khan’s community supervision for aggravated robbery and sentenced
him to twenty-five years in prison.  On appeal, Khan challenges: (1) the factual
sufficiency of the evidence to support a deadly weapon finding; and (2) whether
trial and appellate counsel were ineffective.  We affirm.

DEADLY WEAPON FINDING

In issue one, Khan challenges the
factual sufficiency of the evidence to support the trial court’s deadly weapon
finding.

“[A] defendant placed on deferred
adjudication community supervision may raise issues relating to the original
plea proceeding, such as evidentiary sufficiency, only in appeals taken when
deferred adjudication community supervision is first imposed.”  Manuel v. State, 994 S.W.2d
658, 661-62 (Tex. Crim. App. 1999).  Khan
did not appeal any issues at the time community supervision was imposed, but
argues that enforcement of this rule would violate due process in this case
because the trial court did not make an express deadly weapon finding until adjudicating
guilt.

When Khan pleaded guilty to aggravated
robbery, he judicially admitted that: “I, SAMUEL BETTIS KHAN…did then and
there, while in the course of committing theft of property and with intent to
obtain or maintain control of said property, intentionally or knowingly
threaten or place [the complainant] in fear of imminent bodily injury or death,
and the defendant did then and there use or exhibit a deadly weapon, to wit:
a handgun.”  Accordingly, he admitted to committing each element of the
offense alleged in the indictment, including the deadly weapon allegation.  See
Ex parte Huskins, 176 S.W.3d 818, 820 (Tex. Crim. App.
2005); see also Huval v. State, No.
07-07-0212-CR, 2008 Tex.
App. LEXIS 3788, at *6-7 (Tex. App.—Amarillo May 23, 2008, no pet.) (not
designated for publication). 
Khan’s first opportunity to challenge the deadly weapon finding arose at the
time of the original plea proceeding.  He has waived the issue by failing to
raise it when community supervision was first imposed.  See Roth v. State, No.
02-02-00516-CR, 2004 Tex. App. LEXIS 5827, at *10-11 (Tex. App.—Fort Worth July 1, 2004, no pet.) (not
designated for publication).
 We dismiss issue one.

 

INEFFECTIVE ASSISTANCE

In issue two, Khan maintains that both
trial and appellate counsel rendered ineffective assistance.

Khan contends that trial counsel was
ineffective by failing to challenge the sufficiency of the evidence to support
the deadly weapon finding.  Khan
must show that: (1) counsel’s performance was deficient; and (2)
the defense was prejudiced by counsel’s deficient performance.  See Strickland
v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); see
also Wiggins
v. Smith, 539
U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003).  The
record is silent as to any reasons explaining trial counsel’s actions and we
will not so speculate.  See Thompson
v. State, 9
S.W.3d 808, 814 (Tex. Crim. App. 1999).  Absent a record revealing trial counsel’s
strategy or motivation, Khan has not defeated the strong presumption that trial
counsel’s actions fell within the wide range of reasonable professional
assistance.  Id.  His
ineffective assistance claim is better raised through an application for a writ
of habeas corpus.  See Rylander
v. State, 101
S.W.3d 107, 110 (Tex. Crim. App. 2003).

Khan next contends that his original
appellate counsel was ineffective by failing to pursue a motion for new trial alleging
trial counsel’s ineffectiveness based on the failure to challenge the deadly
weapon finding.[1] 
Khan must show that: (1) counsel’s performance was deficient; and (2) there is
a reasonable probability he “would have prevailed on appeal” but for counsel’s
deficient performance.  Ex parte Santana, 227 S.W.3d 700, 704-05 (Tex.
Crim. App. 2007).  Given Khan’s judicial admission, we cannot say
that he “would have prevailed on appeal” had appellate counsel filed and
obtained a hearing on a motion for new trial.[2] 
See Dinnery v.
State, 592 S.W.2d 343,
353-54 (Tex. Crim. App. 1980);
see also Praker
v. State, No. 01-06-00330-CR, 2007 Tex. App. LEXIS
3007, at *8-9 (Tex. App.—Houston [1st Dist] Apr. 19, 2007, no pet.)
(not designated for publication).  We overrule issue two.

We affirm the trial court’s judgment.

 

 

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed August 26, 2009

Do not publish

[CRPM]









[1]               Khan’s original appellate
counsel filed a motion for new trial alleging that he received ineffective
assistance of trial counsel and was not allowed to present character
witnesses.  

 





[2]               During the sentencing phase of the adjudication hearing, Khan testified
that the weapon was actually a “toy gun” and that his wife was the one in
possession of the weapon at the time of the offense.  Thus, in issue one, Khan cites Payne v. State, 790
S.W.2d 649 (Tex. Crim. App. 1990), in which the Court of Criminal
Appeals held that Payne should have been allowed to withdraw his guilty plea
after testifying that he used a toy gun to commit the offense.  See Payne,
790 S.W.2d at 650, 652.  Unlike in Payne, Khan did not seek to withdraw
his guilty plea and his testimony was admitted during the sentencing portion of
the adjudication hearing.  See Aldrich v. State, 53 S.W.3d
460, 467 (Tex. App.—Dallas 2001), aff’d by 104 S.W.3d 890 (Tex. Crim. App. 2003); see
also Recio v. State, No.
14-06-00312-CR, 2007 Tex.
App. LEXIS 3905, at *5-6 (Tex. App.—Houston [14th Dist.] May 22, 2007, no pet.)
(not designated for publication); Keller v. State, 125
S.W.3d 600, 605-06 (Tex. App.—Houston [1st Dist.] 2003, pet. dism’d) (“[A] defendant who pleads guilty to the court
by executing a valid judicial confession waives any challenge to the factual
sufficiency of the evidence.”).