**Opinion issued September 26, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-01140-CR

———————————

**CECILIO MENDOZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Case No. 83463-CR

**O P I N I O N**

A jury found Cecilio Mendoza guilty of twelve sexual offenses. He challenges his judgment of conviction as to one of these offenses, contending that the trial court erred by refusing to allow him to withdraw his guilty plea to count eleven of the indictment and instructing the jury to find him guilty in conformity with his plea.

We agree with Mendoza. We reverse his conviction under count eleven of the indictment and remand this cause to the trial court so that he may answer this count. As Mendoza does not challenge his convictions under any of the other counts of the indictment, we otherwise affirm the trial court's judgment.

## BACKGROUND

A grand jury indicted Mendoza for three counts of aggravated sexual assault of a child, three counts of indecency with a child by sexual contact, one count of sexual assault of a child, and six counts of prohibited sexual conduct, all as part of one criminal episode. *See* TEX. PENAL CODE §§ 3.01, 21.11, 22.011, 22.021, 25.02. Each of these counts concerned the same child, Mendoza's daughter.

Before the reading of the indictment, the state abandoned one count of prohibited sexual conduct. When the indictment was read, Mendoza pleaded not guilty to all but one of the remaining twelve counts in the presence of the jury. He pleaded guilty to count eleven of the indictment, which alleged that he had committed the offense of indecency with a child by sexual conduct, specifically by touching his daughter's breasts.

Mendoza testified at trial. He denied that he was guilty as to count eleven. The following exchange occurred between him and the prosecutor:

Q. And in front of this jury and the judge you stood up and pled guilty to touching on the breasts for your sexual gratification?

A. No.

2

Q. Okay. So you don't remember pleading guilty to touching your daughter's breasts?

A. Oh, yes. Yes, I did say that.

Q. Okay. So that count is touching breasts with sexual gratification or desire?

A. No.

Q. So you didn't listen to when the District Attorney read that charge and you pled guilty?

A. Yes, I said yes. But I've never seen her like that in that way.

Q. So you pled guilty to this not understanding it?

A. No. I did understand the question.

Q. Okay. Well, let me read it to you. Hang on. It says on or about the 1st day of January, 2015, and before the presentment of this indictment, in said County and State, did then and there, with the intent to arouse or gratify the sexual desire of said Defendant—that's you—intentionally or knowingly engage in sexual contact with [his daughter], a child younger than 17 years and not the spouse of the Defendant, by touching the breasts of said child. Do you remember that being read to you?

A. Yes.

Q. Do you remember pleading guilty to it?

A. Yes.

Q. Okay. So why don't you tell me about the time that you first touched your daughter's breasts in a sexual manner?

A. I didn't do it like that.

Q. Okay. Tell me how you did it.

A. Playing. Like I said before.

Q. So why did you plead guilty to something you didn't do?

A. Because all the questions that are—that are right there have something to do because they say that there were sexual relations.

Q. No. That count says that you touched her breasts for sexual purposes. So did you touch her for sexual purposes?

A. No.

Mendoza previously had testified that any physical contact with his daughter was unintentional or non-sexual in nature and occurred in the context of wrestling or other play.

Subsequently, defense counsel also questioned Mendoza about whether he touched his daughter's breasts. Mendoza again denied doing so as charged:

Q. So I guess just to be clear, I mean today you pled guilty to what is Count Eleven. Did you not hear the intent to arouse or gratify the sexual desire of said Defendant as part of that count?

A. I was just thinking it was touching without any intention.

Q. But that's not what you said in the past. I mean you said not guilty in the past. Would that be fair?

A. Yes.

Before the jury was charged, Mendoza tried to withdraw his guilty plea to count eleven. Defense counsel argued that Mendoza "essentially retracted that guilty plea in his testimony." The State opposed withdrawal, contending that it would "confuse the jury." The trial court stated that it "already accepted the plea" and denied Mendoza's request.

In its charge to the jury, the trial court stated that Mendoza "entered a plea of 'Guilty'" to the offense of indecency with a child by sexual contact and "persists in

4

his plea." The trial court thus instructed the jury to find Mendoza guilty of count eleven. The prosecution echoed this instruction in its closing argument, stating that Mendoza had "already pled guilty" to this count, "so you must find him guilty" on this count.

The jury found Mendoza guilty on all counts. As to count eleven, the verdict form signed by the foreperson read that, Mendoza having pleaded guilty, the jury found him guilty.

## DISCUSSION

Mendoza contends that the trial court erred in not allowing him to withdraw his guilty plea and instructing the jury to find him guilty of count eleven. The state concedes on appeal that the court erred in refusing to allow Mendoza to withdraw his guilty plea. But the parties disagree as to the proper remedy. Mendoza contends that we should reverse his conviction for this count and remand to the trial court for a new trial before a jury. The State argues that the error was harmless.

### *Right to Withdraw a Guilty Plea*

A defendant has a right to withdraw a guilty plea, but he must exercise this right in a timely manner. *Mendez v. State*, 138 S.W.3d 334, 336, 345 (Tex. Crim. App. 2004). In a jury trial, the defendant's request to do so is timely so long as he makes it "before the jury retires to deliberate its verdict." *Id.* at 345. Thus, when a defendant seeks to withdraw a guilty plea before the jury retires, his right to do so is

unqualified and the trial court has no discretion to deny the request. *Fairfield v. State*, 610 S.W.2d 771, 776 (Tex. Crim. App. [Panel Op.] 1981); *McWherter v. State*, 571 S.W.2d 312, 313 (Tex. Crim. App. [Panel Op.] 1978). This right is derivative of the defendant's constitutional right to be tried by a jury. *See* TEX. CONST. art. I, § 15; *see also* TEX. CODE CRIM. PROC. art. 1.12 (statutory guarantee of jury trial).

The jury had not retired to deliberate when Mendoza asked to withdraw his guilty plea to count eleven of the indictment. He therefore had an absolute right to withdraw his guilty plea, and the trial court erred by not allowing him to do so.

### *Harmless Error*

When a trial court errs by refusing a defendant's timely request to withdraw a guilty plea, the error is harmless solely "when there is no evidence suggesting that the defendant is not guilty or is guilty only of a lesser included offense." *Payne v. State*, 790 S.W.2d 649, 651 (Tex. Crim. App. 1990); *accord Abrego v. State*, 977 S.W.2d 835, 839 (Tex. App.—Fort Worth 1998, pet. ref'd). The defendant's own testimony denying his guilt is sufficient to raise a fact issue rendering this error harmful. *Compare Payne*, 790 S.W.2d at 652 (defendant's testimony raised fact issues as to his guilt, which made it impossible for court to conclude beyond reasonable doubt that trial court's error didn't affect outcome of defendant's trial), *with Abrego*, 977 S.W.2d at 839–40 (no evidence suggesting defendant wasn't guilty and trial court's error in disallowing withdrawal of guilty plea thus was harmless).

The state contends that the trial court's refusal to allow Mendoza to withdraw his guilty plea as to count eleven was harmless because the evidence of his guilt was overwhelming. The state's position, however, is not consistent with the legal standard that we must apply. We can hold that the error was harmless only if "no evidence" suggested that Mendoza was not guilty. *Payne*, 790 S.W.2d at 651; *accord Smith v. State*, Nos. 01-12-00661–63-CR, 2013 WL 6729666, at *4 (Tex. App.—Houston [1st Dist.] Dec. 19, 2013, pet. ref'd) (mem. op., not designated for publication). Mendoza's testimony that he inadvertently touched his daughter's breasts while wrestling or engaged in other play, no matter how improbable, created a fact issue for resolution by the factfinder—the jury—as to his guilt on count eleven. *See Payne*, 790 S.W.2d at 652; *see also Blackwell v. State*, 193 S.W.3d 1, 11–12 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (defendant's testimony that he lacked sexual intent, if credited by jury, would have been defense to offense of indecency with child by contact).

In refusing to allow Mendoza to withdraw his guilty plea and instead instructing the jury to find him guilty as to count eleven, the trial court short-circuited the factfinding process. *See Casanova v. State*, 383 S.W.3d 530, 543 n.56 (Tex. Crim. App. 2012) (appellate court presumes jury followed instructions absent contrary proof). We therefore hold that the trial court's error was not harmless.

## CONCLUSION

We reverse Mendoza's conviction under count eleven of the indictment and remand this cause to the trial court so that he may answer this count. *See Payne*, 790 S.W.2d at 652. Mendoza's convictions as to the other counts of the indictment are unaffected; we thus affirm the remainder of the trial court's judgment.


                         Gordon Goodman
                         Justice

Panel consists of Justices Keyes, Kelly, and Goodman.

Justice Keyes, dissenting.

Publish.  TEX. R. APP. P. 47.2(b).